UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:15CR155 (RNC) |
| | : | |
| v. | : | |
| | : | |
| ROSS SHAPIRO, | : | July 8, 2016 |
| MICHAEL GRAMINS, and | : | |
| TYLER PETERS | : | |

**GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE AND ARGUMENT SUGGESTING THE ABSENCE OF CRIMINAL ACTIVITY IN UNCHARGED TRANSACTIONS**

The Government respectfully moves this Court for an order prohibiting defendants Ross Shapiro, Michael Gramins, and Tyler Peters from introducing evidence pertaining to their "other good acts," in particular the supposed absence of criminal activity in their uncharged securities transactions. Such evidence is irrelevant, confusing to the jury and improper character evidence, failing to meet the thresholds required by Fed. R. Evid. 401, 403, 404(b) and 405.

## ARGUMENT

### I. THE ABSENCE OF CRIMINAL CONDUCT IN UNCHARGED TRANSACTIONS IS IRRELEVANT

The Second Circuit has consistently held that the lack of criminality in a defendant's uncharged conduct is irrelevant to whether that defendant is guilty of the charged crime. For example, in *United States v. Williams*, the Second Circuit affirmed the trial court's decision to preclude evidence of trips to Jamaica by a defendant—charged with importing cocaine—during which he did not engage in drug activity, reasoning that "[a] defendant may not seek to establish his innocence . . . through proof of the absence of criminal acts on specific occasions." 205 F.3d 23, 34 (2d Cir. 2000). *See also United States v. Walker*, 191 F.3d 326, 336 (2d Cir. 1999) (affirming conviction of defendant for preparing false immigration asylum

applications, holding evidence that he also prepared legitimate ones was "simply irrelevant"); *United States v. Scarpa*, 913 F.2d 993, 1011 (2d Cir. 1990) (tapes purporting to show defendants' innocuous conduct were irrelevant and inadmissible); *United States v. Boykoff*, 67 F. App'x 15, 20 (2d Cir. 2003) ("Evidence of noncriminal conduct to negate the inference of criminal conduct is generally irrelevant.") (citation omitted).

Following this clear precedent, district courts in the Second Circuit have likewise excluded evidence of uncharged innocuous conduct. *See, e.g.*, *United States v. Fiumano*, No. 14-CR-518, 2016 WL 1629356, at *7 (S.D.N.Y. Apr. 25, 2016) ("The principle is rather elementary. A defendant charged with robbing a bank in Manhattan on April 22 cannot offer as evidence to disprove the charged crime that . . . he did not rob the Manhattan branch on April 20, 21, 23, and 24, because this evidence is irrelevant to the charge that he robbed the Manhattan bank on April 22."); *United States v. Nekritin*, No. 10-CR-491, 2011 WL 2462744, at *5 (E.D.N.Y. June 17, 2011) (excluding evidence that defendant legitimately billed for some Medicare and Medicaid covered procedures, where indictment charged fraudulent billing practices "with respect to a limited number of patients");[1] *United States v. Perez*, No. 09-CR-1153, 2011 WL 1431985, at *1 (S.D.N.Y. Apr.12, 2011) (excluding evidence that defendant acted legitimately when preparing some asylum applications, where indictment charged fraudulent preparation of others). Accordingly, this Court should exclude evidence of the defendants' bond transactions that are allegedly non-criminal because such evidence is not relevant to the charged conduct in this case and is inadmissible under Fed. R. Evid. 401.

---

[1] The *Nekritin* court noted a possible exception where the Government alleged "ceaseless, all-encompassing criminal conduct." 2011 WL 2462744, at *5. Here, the Government has done no such thing, but charged a limited number of bond transactions as executions of a fraudulent conspiracy.

2

## II. ANY MARGINAL RELEVANCE THE EVIDENCE MIGHT HAVE IS SUBSTANTIALLY OUTWEIGHED BY THE RISK OF CONFUSING THE JURY.

Even if evidence of the defendants' allegedly innocuous conduct were relevant to the charged crime, which it is not, the Court should exclude the evidence under Rule 403.

If the defendants were to offer evidence of purportedly innocuous uncharged transactions, the jury would first have to scrutinize those trades to determine whether or not the defendants, in fact, engaged in criminal conduct in those instances. This process would be time-consuming, and runs the risk of creating a "trial within a trial" as to each trade. *See United States v. Bowe*, 360 F.2d 1, 16 (2d Cir. 1966) (upholding district court's exclusion of defendant's evidence where "it is apparent . . . that the introduction of the proffered testimony would have opened up a trial within a trial"). Such evidence should, therefore, be excluded because it stands to improperly confuse the issues, mislead the jury, create undue delay and waste time, all in service of little, if any, probative value. *See United States v. Aboumoussallem*, 726 F.2d 906, 912 (2d Cir. 1984) (upholding district court's exclusion under Rule 403 of defendant's evidence about uncharged conduct); *cf. United States v. Jimenez*, 513 F.3d 62, 76 (3d Cir. 2008) (upholding district court's limitations on defendant's cross-examination with respect to uncharged conduct under Rule 403).

## III. INNOCUOUS CONDUCT IN UNCHARGED TRANSACTIONS IS INADMISSIBLE PROPENSITY EVIDENCE OF DEFENDANTS' GOOD CHARACTER

Additionally, specific non-criminal transactions are not admissible as character evidence. Because character evidence "possesses the greatest capacity to arouse prejudice, to confuse, to surprise, and to consume time," character cannot be proven through evidence of specific acts. Fed. R. Evid. 405 advisory committee's notes; Fed. R. Evid. 405(a) (limiting evidence of character to testimony as to reputation, or testimony offering an opinion as to

3

character). Under Rule 405, evidence of specific acts is limited to cross-examination, *id.*, or to cases where character "is an essential element of a charge, claim, or defense," Fed. R. Evid. 405(b).

Any attempt by the defendants to prove their non-criminal character by introducing evidence of their purportedly innocuous conduct in uncharged transactions would violate Rule 405(a), which prohibits the use of specific acts' evidence under these circumstances. For instance, in *United States v. Benedetto*, the Second Circuit held that "the defense improperly attempted to establish defendant's good character by reference to specific good acts" when it introduced testimony that the meat inspector defendant did not take bribes at certain plants. 571 F.2d 1246, 1247-48 (2d Cir. 1978). It would be equally improper here for the defense to introduce evidence about specific transactions where the defendants did not make misrepresentations or perpetrate a fraudulent scheme, in an attempt to support an inference that the defendants' character makes it unlikely that he did so in the charged transactions.

Further, the defendants' specific act evidence is not admissible under the limited exception available under Rule 405(b), which permits such evidence where character is an element of a charge or defense. *See United States v. Doyle*, 130 F.3d 523, 542 (2d Cir. 1997); *see also* 22 Charles Alan Wright & Kenneth W. Graham, Jr., *Federal Practice and Procedure— Evidence* § 5267 (1st ed. 1978) ("relatively few" cases fall under Rule 405(b)). In this case, the elements of the charged crimes turn on intent and knowledge, but not character. *See Doyle*, 130 F.3d at 542 (treating intent and knowledge as elements that can be refuted by specific character acts would "distort[] Rule 405 beyond recognition").

Excluding this evidence is also consistent with Rule 404(b), which forbids the use of acts other than those involving the charged crimes "to prove the character of a person in order

4

to show action in conformity therewith." *See United States v. Quattrone*, 441 F.3d 153, 191-92 (2d Cir. 2006) (affirming exclusion under Rule 404(b) of legitimate emails, where defendant charged with obstruction via a specific email). Although this rule permits the admission of prior acts for other purposes, here any attempt by the defendants to introduce evidence of his allegedly lawful conduct in uncharged transactions could serve no other purpose than asking the jury to draw an improper propensity inference.

## CONCLUSION

Accordingly, the Court should prohibit defendants Ross Shapiro, Michael Gramins and Tyler Peters from introducing any evidence or presenting any argument to the jury regarding the purported absence of criminal activity in uncharged transactions.

Respectfully submitted,

DEIRDRE M. DALY
UNITED STATES ATTORNEY

_____
LIAM BRENNAN
ASSISTANT UNITED STATES ATTORNEY
FEDERAL BAR NO. CT27924

HEATHER CHERRY
ASSISTANT UNITED STATES ATTORNEY
FEDERAL BAR NO. phv07037

U.S. Attorney's Office
157 Church Street
New Haven, CT 06510
(203) 821-3835

5

**Certificate of Service**

  I hereby certify that on July 8, 2016, a copy of the foregoing was sent electronically to counsel for Ross Shapiro, Michael Gramins, and Tyler Peters through the Court's ECF system.

                 _____/s/_____
                 LIAM BRENNAN
                 ASSISTANT UNITED STATES ATTORNEY