**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) CRIM NO. 3:15-CR-155 (RNC) |
| | ) |
| vs. | ) |
| | ) |
| | ) July 25, 2016 |
| ROSS SHAPIRO, MICHAEL GRAMINS, AND | ) |
| TYLER PETERS. | ) |
| | ) |

Defendants Ross Shapiro, Michael Gramins, and Tyler Peters respectfully submit this Opposition to the Government's Motion *in Limine* to Preclude Evidence or Argument Blaming Victims (the "Motion"). For the reasons set forth herein, the Motion should be denied.

## INTRODUCTION

Defendants do not seek to "blame the victims." Contrary to the Government's suggestion, Defendants do not intend to portray the alleged "victims" here as gullible rubes, and in fact Defendants could not do so if they wanted to. Indeed, the trading counterparties alleged to be victims in this case consist of some of the most sophisticated hedge funds and investment firms in the world in the market for residential mortgage backed securities ("RMBS"). Similarly, the traders at the alleged victim firms – all well-credentialed and experienced professionals – were not gullible either, and Defendants believe the evidence at trial will show that the traders who negotiated the transactions at issue in the Indictment did so with the benefit of sophisticated financial modeling, market research, and a skilled ability to effectively negotiate the transactions to which they were parties.

Defendants do, however, intend to offer a materiality defense.  It is well-settled, and undisputed, that materiality is determined by an objective standard; thus, the defense may assert that the alleged misstatements at issue in this case would not be material to a reasonable participant in the RMBS market.  Defs.' Expert Notice at 10, June 27, 2016, ECF No. 165-2.  The Government intends to offer the testimony of the alleged victims as a proxy for that reasonable investor.  To rebut that testimony, Defendants must be permitted to (i) offer expert testimony as to what the reasonable investor would consider material to the investment decision and (ii) highlight the ways, if any, in which the alleged victims' testimony is inconsistent with the conduct of the objective, reasonable investor.  Such testimony was expressly contemplated by the Second Circuit in *United States v. Litvak*, 808 F.3d 160, 183 (2d Cir. 2015), and is relevant to and probative of the central issues in this case.  Accordingly, the Government's Motion should be denied because it would improperly bar Defendants' materiality defense and run afoul of the Second Circuit's instructions in *Litvak*.

## <u>ARGUMENT</u>

The "question of materiality, it is universally agreed, is an ***objective one***, involving the significance of an omitted or misrepresented fact to a ***reasonable investor***."  *TSC Indus., Inc. v. Northway, Inc.*, 426 U.S. 438, 445 (1976) (emphasis added).  The United States Supreme Court has instructed that information is material if there is a "substantial likelihood that the disclosure of the omitted fact would have been viewed by the reasonable investor as having significantly altered the 'total mix' of information made available."  *Basic v. Levinson*, 485 U.S. 224, 231-32 (1998) (citing *TSC Indus., Inc.*, 426 U.S. at 449).  Where, as here, "the market" is one dominated by highly sophisticated investors, the jury must view materiality from the perspective of a reasonable and sophisticated investor in the RMBS market, not investors at large.  *See, e.g., S.E.C. v. Rorech*, 720

F. Supp. 2d 367, 372 (S.D.N.Y. 2010) ("SEC has failed to prove that either piece of alleged information was material" because "these two pieces of information were not considered material to reasonable investors in VNU CDSs," whom the Court noted were "sophisticated high yield bond buyers"); *In re WorldCom, Inc. Sec. Litig.*, No. 02-Civ.-3288 (DLC), 2005 WL 408137, at *4 (S.D.N.Y. Feb. 22, 2005) ("[T]he 'reasonable investor' is equivalent to the market itself.") (quoting *In re ICN/Viratek Sec. Litig.*, No. 87-Civ.-4296 (S.D.N.Y. July 15, 1996)).

It is apparent that the Government intends to prove the materiality of the alleged misstatements in this case by adducing testimony from the alleged victims – all traders at the investment funds with whom Defendants' transacted – that these misstatements (none of which related to the nature, quality, performance, or characteristics of the securities themselves) were "important" to them. Indeed, this is precisely the testimony the Government adduced in *Litvak*. *See, e.g.,* Trial Tr. 877:15-19 (Q: "[W]ould that be important to you? A: Yes."); Trial Tr. 944:20-23 (Q: "[W]ould that have been important for you? A: Yes."); Trial Tr. 1199:13-16 ("Q: Would it have been important for you to know that . . . ? A: Yes.").[1] Defendants further expect that the Government will adduce from some alleged victims testimony to suggest that these misrepresentations were particularly important, in light of a perceived "agency" relationship between the trader and Defendants.[2] This too, was the Government's approach in *Litvak*. *See, e.g.*, Trial Tr. 943:11-944:3 ("Are you familiar with the distinction between trading as an agent and trading as a principal? . . . So in effect which is Mr. Litvak in this trade?"). The Government

---

[1] The Court of Appeals' opinion in *United States v. Litvak*, 808 F.3d 160 (2d Cir. 2015) is cited throughout as "*Litvak*." The trial transcript from the original trial proceedings that case is cited as "Trial Tr."

[2] Defendants have moved *in limine* to preclude such testimony concerning agency in light of the fact that it is undisputed that all trades at issue in this case were conducted strictly on a principal-to-principal basis. *See* Defs.' Motion *in Limine* to Exclude Evidence that Defendants Acted as Agents or Brokers or Owed Any Agency Duties to Counterparties, July 8, 2016, ECF No. 164.

will argue that these alleged victims are representative of a "reasonable investor" in the RMBS market and as such, the jury should adduce that the alleged misstatements at issue were, in fact, material.

It is precisely this argument that Defendants must be permitted to rebut. *Litvak*, 808 F.3d at 183 (defendants should be permitted to offer evidence to "counter the government's argument that a reasonable investor would have found [the defendants'] statements material."). To do, so, defendants must be able to do, *inter alia*, two things:

*First*, Defendants must be able to offer expert testimony to explain that the misrepresentations at issue would not have significantly altered the total mix of information to a reasonable investor in the RMBS market. *See Litvak*, 808 F.3d at 183 ("Aside from [expert] testimony in respect of the nature of the RMBS market, there are few ways in which Litvak could put forth evidence to rebut the alleged victims' testimony that Litvak's misstatements were important to them, or otherwise counter the government's argument that a reasonable investor would have found Litvak's statements material."). Thus, Defendants' experts must be able to testify as to the investment decision-making approach of a reasonable investor in the market, including what a reasonable investor would have done in determining what price to agree to pay for any particular bond. This includes, among other things, that a reasonable investor *would have* sought price information from other dealers (in addition to relying on their own, highly-sophisticated pricing models and other analytics), and that a reasonable investor *would have* known that all trading with Defendants was done strictly on a principal-to-principal basis. As the Second Circuit noted, if such testimony were precluded, the defendant "would be left only with the 'victims' of his conduct as sources of potential testimony on the issue, an odd limitation where the

4

jury is to evaluate materiality in an objective manner." *Litvak*, 808 F.3d at 183-84 (*citing Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 133 S.Ct. 1184, 1191 (2013)).

*Second,* Defendants must be permitted to cross-examine the alleged victims as to what they *did* and *did not* do in connection with their investment decision.  This includes, among other things, (i) the steps taken and tools utilized to determine the value of the bonds at issue and (ii) steps the alleged victims did and did not take to evaluate the veracity of pricing information provided by the Defendants.  Only by doing so can Defendants effectively compare and contrast these alleged victims with the objective reasonable investor in the relevant market, and rebut the government's contention that the alleged victims are a proxy for that objective reasonable investor.  *See Litvak*, 808 F.3d at 183.

None of this testimony would seek to "blame the victim."[3]  On the contrary, Defendants seek to introduce this evidence in a manner consistent with *Litvak*, to "counter the government's argument that a reasonable investor would have found [their] statements material."  *Litvak*, 808 F.3d at 183.  This evidence is highly relevant to and probative of materiality, an element of the charged offenses.  The Government's efforts to interfere with that defense should be rejected, and its motion denied.

---

[3] The Government's authority – virtually all of which stands for the unremarkable and undisputed proposition that a victim's negligence is not a defense to criminal conduct – is thus inapposite.  *See United States v. Isola*, 548 F. App'x 723, 725 (2d Cir. 2013); *United States v. Rogan*, 517 F.3d 449, 452 (7th Cir. 2008); *United States v. Amico*, 486 F.3d 764, 780 (2d Cir. 2007); *United States v. Callipari*, 368 F.3d 22, 37 (1st Cir. 2004); *United States v. Davis*, 226 F.3d 346, 358-59 (5th Cir. 2000); *United States v. Ciccone*, 219 F.3d 1078, 1083 (9th Cir. 2000); *United States v. Biesiadecki*, 933 F.2d 539, 544 (7th Cir. 1991); *United States v. Maxwell*, 920 F.2d 1028, 1036 (D.C. Cir. 1990); *United States v. Brien*, 617 F.2d 299, 311 (1st Cir. 1980); *United States v. Kreimer*, 609 F.2d 126, 132 (5th Cir. 1980); *Linden v. United States*, 254 F.2d 560, 567-68 (4th Cir. 1958).  These cases have no bearing on the evidence sought to be introduced by Defendants in conjunction with their materiality defense.

<u>CONCLUSION</u>

For the foregoing reasons, Defendants Ross Shapiro, Michael Gramins, and Tyler Peters respectfully request that the Court deny the Government's Motion *in Limine* pursuant to Rules 401 and 403 of the Federal Rules of Evidence.


July 25, 2016

Respectfully submitted,

**ALSTON & BIRD LLP**

By: <u>*/s/ Brett D. Jaffe*</u>
    Brett D. Jaffe (PHV07701)
    Michael Brown (PHV08372)
    Joseph G. Tully (PHV07702)
    90 Park Avenue
    New York, NY 10016
    Telephone: (212) 210-9493
    Facsimile: (212) 210-9444
    brett.jaffe@alston.com
    mike.brown@alston.com
    joe.tully@alston.com
    *Counsel for Tyler Peters*

6

**PETRILLO KLEIN & BOXER LLP**

By: */s/ Guy Petrillo*
      Guy Petrillo (CT19924)
      Josh Klein (PHV07748)
      Leonid Sandlar (PHV07700)
      655 Third Avenue, 22nd Floor
      New York, New York 10017
      Telephone: (212) 370-0330
      Facsimile: (212) 370-0391
      gpetrillo@pkbllp.com
      *Counsel for Ross Shapiro*

**GREENBERG TRAURIG LLP**

By: */s/ Marc L. Mukasey*
      Marc L. Mukasey (PHV07694)
      Greenberg Traurig LLP
      200 Park Avenue
      New York, NY 10166
      Telephone: (212) 801-9200
      Facsimile: (212) 801-6400
      mukaseym@gtlaw.com
      *Counsel for Michael Gramins*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of July, 2016, a copy of the foregoing Defendants'
Opposition to Motion *in Limine* to Preclude Evidence or Argument Blaming Victims was
uploaded to and filed with the CM/ECF System for the United States District Court for the
District of Connecticut, with a courtesy copy delivered via e-mail to the following counsel:

    Liam Brennan, Esq.
    Heather L. Cherry, Esq.
    Assistant U.S. Attorney
    U.S. Department of Justice
    District of Connecticut
    Connecticut Financial Center
    157 Church Street, Floor 25
    New Haven, Connecticut  06510


                        /s/ *Brett D. Jaffe*
                        Brett D. Jaffe (PHV07701)