UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 3:15CR155(RNC) |
| | : | |
| v. | : | |
| | : | |
| ROSS SHAPIRO, | : | July 25, 2016 |
| MICHAEL GRAMINS, and | : | |
| TYLER PETERS | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION IN LIMINE TO EXCLUDE DEFENDANTS' COMPENSATION**

The defendants have filed a motion *in limine* [doc. #160] seeking to exclude evidence and argument regarding the defendants' compensation. The Government will offer evidence that the defendants' discretionary bonus was affected by the profits they made trading RMBS bonds for Nomura. The probative value of this evidence is not substantially outweighed by the risk of unfair prejudice. Evidence of the defendants' compensation should be admitted at trial.

**I.   EVIDENCE OF THE DEFENDANTS' COMPENSATION IS RELEVANT AND PROBATIVE OF THEIR FINANCIAL MOTIVE**

The Government intends to present evidence of the defendants' compensation as motive evidence. In discovery, the Government disclosed to the defendants' statements by Nomura traders that their compensation at Nomura was based on both qualitative and quantitative factors—that is, that compensation for Nomura's RMBS traders was a mix of both an evaluation of performance by superiors and a numbers-based evaluation based on the profit each trader brought to the company. NOM_USAOCT_001744. The Government also provided the defendants with evidence that the lies they told to their victims were designed to maximize profits for Nomura. NOM_USAOCT_000051. The Government intends to argue that their compensation provided them significant motive to engage in the scheme because their compensation was, in part, based

on their profits for Nomura and their scheme to deceive was designed to maximize profits for Nomura.

Financial compensation evidence that is probative of a defendant's motive to engage in a fraudulent scheme is generally understood to be relevant and admissible. *See United States v. Quattrone*, 441 F.3d 153, 187 (2d Cir. 2006) (district court did not abuse its discretion by allowing government's evidence of defendant's salary to establish "motive for him to obstruct the IPO allocation investigations" charged in indictment). Furthermore, in an analogous case, *United States v. Litvak*, Judge Hall agreed that this type of "testimony provided part of the basis for the government's argument that Litvak had a motive to increase the profitability of his trades by making material misrepresentations to counterparties." Case No. 3:13cr19 JCH (D. Conn. June 28, 2016), doc. # 432 at 17. Just as Litvak had an incentive to increase the profitability of any trade that he could, the defendants' had a motive to make material misrepresentations to increase Nomura's profits.

The defendants' claim—that the Government will be unable to show a direct connection between their compensation and the charged trades—ignores the anticipated testimonial evidence that illustrates just that point. Instead, the defendants state that the Government has not provided any indication it will offer such evidence or testimony because its exhibit list did not include documentary evidence that illustrates the determination of the defendants' bonus, nor has the Government disclosed a witness with supervisory authority over the defendants. The Government, however, intends to elicit testimony from Nomura traders and salespeople familiar with the way bonuses at Nomura were determined, who will testify that the profitability of the RMBS desk impacted the compensation of traders at Nomura, including the defendants.

The defendants also argue that their compensation is irrelevant because the number of allegedly fraudulent trades "comprise only a fraction of a percent of the overall business generated by the RMBS desk at Nomura during the years covered by the Superseding Indictment." Def.'s Mem. at 5. But that argument presupposes that the majority of the defendants' trades were non-fraudulent, a proposition for which there is no evidence.

The Government anticipates that its argument about the defendants' motive will be advanced not only through witness testimony describing the methods by which compensation is calculated but also through documentary evidence of the defendants' actual compensation. The size of the defendants' compensation in absolute terms is relevant to defendants' fraudulent motive—the risk/reward calculation to commit fraud is inherently different when one stands to gain $100,000 versus $1,000. Establishing motive through real world numbers stands to be less confusing to the jury than attempting to do so based on percentages. Moreover, providing jurors with actual dollar amounts eliminates the possibility that they will try to perform their own calculations based on the profits made on the trades in evidence. The Government submits that, absent witness testimony or a stipulation by the defense, it should be permitted to introduce documentary evidence reflecting the defendants' compensation for the limited purpose of establishing that their compensation provided a motive for their misrepresentations.

## II.   REFERRING TO "DEFENDANTS' PROFITS" IS NOT PREJUDICIAL

The defendants also ask the Court to preclude the Government from referring to the profits Nomura makes on each trade as "their" or "his profits," claiming this can only confuse the jury because one cannot determine the amount of compensation each defendant received as a result of a particular trade. The defendants' argument is not supported by the evidence and is not realistic.

*First*, as discussed above, the Government intends to demonstrate that the defendants' compensation was affected by the profits they made trading. *Second*, the Government does not

intend to argue or imply to the jury that the defendants pocketed every dollar they made in profit. The phrase "Gramins profits," for example, is commonly used to signify the profit earned on a trade conducted by Gramins, or in a trading book for which Gramins has responsibility. No court should demand that the parties use hyper-technical and exhaustive descriptions when referring to innocuous concepts; since there is no claim that the defendants kept money earned on trades, there is no distinction between "defendants' profits" and "profits that the defendants earned for Nomura," and there is no reason to believe that the jury will be confused by the Government's use of either.

In an analogous case, *United States v. Litvak*, Litvak also sought an order barring the Government and its witnesses from referring to the profits on trades conducted by Litvak as "his profits." Judge Hall "declined to police the language of the witnesses" and found that the request was "in essence, an attempt to limit the ability of lay witnesses to testify, in their own words, to their own experiences and perceptions." *United States v. Litvak*, 3:13cr19 JCH (D. Conn. June 28, 2016), doc. # 432 at 16. For the same reasons, this Court should deny the defendants the relief they seek.

## CONCLUSION

For the reasons set forth above, the defendants' motion *in limine* to exclude evidence and argument regarding defendants' compensation should be denied.

> Respectfully submitted,
>
> DEIRDRE M. DALY
> UNITED STATES ATTORNEY
>
>       /s/
> HEATHER L. CHERRY
> ASSISTANT UNITED STATES ATTORNEY
> Federal Bar No. phv07037
> heather.cherry@usdoj.gov
>
> LIAM BRENNAN
> ASSISTANT UNITED STATES ATTORNEY
>
> 157 Church Street, 25th Floor
> New Haven, CT  06510
> Tel.: (203) 821-3700

- 6 -

## CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2016, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

      /s/
HEATHER L. CHERRY
ASSISTANT UNITED STATES ATTORNEY