UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                                           :

UNITED STATES OF AMERICA           :

                                                                                           :

              v.                        :         No. 15-cr-00155 (RNC)
                                                             :

ROSS SHAPIRO,                            :
MICHAEL GRAMINS and           :
TYLER PETERS                        :         JULY 25, 2016

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


**DEFENDANTS' OPPOSITION TO GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OR ARGUMENT REGARDING FAIR MARKET VALUE**


PETRILLO KLEIN & BOXER LLP
655 Third Avenue, 22nd Fl.
New York, New York 10017
Telephone: (212) 370-0330
*Attorneys for Ross Shapiro*

ALSTON & BIRD LLP
90 Park Avenue
15th Floor
New York, NY 10016-1387
Telephone: (212) 210-9400
*Attorneys for Tyler Peters*

GREENBERG TRAURIG LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 801-9200
*Attorneys for Michael Gramins*

**PRELIMINARY STATEMENT**

Defendants Ross Shapiro, Michael Gramins and Tyler Peters respectfully submit this memorandum of law in opposition to the government's motion *in limine* to preclude evidence or argument that the bonds in issue were purchased or sold by the relevant counterparties at fair market value ("Fair Value Evidence"). *See* Dkt. No. 166 ("Gov. Mot."). The government's motion, premised solely on the Second Circuit's affirmance of Judge Hall's trial ruling to exclude such evidence in *United States v. Litvak*, No. 3:13-cr-19 (JCH), borders on the frivolous.

*First* (and foremost), the Indictment in this case, unlike *Litvak*, alleges *wire* fraud, which requires the government to prove that defendants acted with an intent to harm. The case authority squarely holds that intent to harm *cannot exist* in circumstances where purported victims are induced to exchange goods or services at *fair market value*. Consequently (and inexplicably) the government seeks to preclude the defense from introducing evidence directly pertinent to an essential element of the charged offenses. Accordingly, the government's motion to preclude must be denied.

*Second*, although the Second Circuit held in *Litvak* that, with regard to securities fraud offenses, the District Court did "not exceed its allowable discretion in excluding" evidence of fair market value, *see United States v. Litvak*, 808 F.3d 160, 185 (2d Cir. 2015), it did *not* find that *admitting* such evidence *would have* exceeded the Court's allowable discretion. Nor did the Circuit analyze the relevance of such evidence in the context in which Defendants intend to offer it. Thus, even absent the wire fraud allegations, the Court should exercise its independent discretion to admit such evidence on the separate ground that it is highly probative of the issues of materiality and good faith.

1

**ARGUMENT**

**A.     Evidence Of Fair Market Value Is Admissible Because It Is Directly Relevant To The Element Of Intent Under The Wire Fraud Statute**

"An essential element of . . . wire fraud . . . is proof of a 'scheme or artifice to defraud.'" *United States v. Starr*, 816 F.2d 94, 98 (2d Cir. 1987) (quoting 18 U.S.C. §§ 1341, 1343). "Critical to a showing of a scheme to defraud is proof that defendants possessed a fraudulent intent." *Id.* at 98. "Although the government is not required to prove actual injury, it must, at a minimum, prove that defendants contemplated some actual harm or injury to their victims. Only a showing of intended harm will satisfy the element of fraudulent intent." *Id.*

To constitute "contemplated harm" the misrepresentations "must affect the very nature of the bargain itself." *Id.* In assessing whether the particular deal terms affected by the misrepresentations go "to the nature of the bargain" the Second Circuit has held that "if there is no proof that the defendants . . . *intended to get more for their merchandise than it was worth to the average customer*, it is difficult to see any intent to injure or to defraud in the defendants' falsehoods." *United States v. Regent Office Supply Co.*, 421 F.2d 1174, 1181 (2d Cir. 1970). (emphasis added). "[A] *scheme to induce someone to purchase property at fair value is not a scheme to defraud* merely because the defendant intended to persuade the purchaser to act by false statements not going to the issue of the 'ultimate value' of the sale." *United States v. Gole*, 21 F. Supp. 2d 161, 167 (E.D.N.Y. 1997) (emphasis added). Consequently, whether the bonds in issue were purchased and sold at fair market value bears directly on the question of whether defendants acted with intent to harm, an element of the very charges alleged.

Indeed, as the government recognizes, the Second Circuit's conclusion that Judge Hall did not exceed her discretion in precluding Fair Value Evidence was based on its view that "whether the prices were 'fair' was not an element of any of the crimes with which [the

2

defendant] was charged." Gov. Mot. at 2 (quoting *Litvak*, 808 F.3d at 185). Here, by contrast, whether the prices were "fair" is integrally intertwined with a central element of the charged offenses.

Accordingly, the government's motion to preclude Fair Value Evidence must be denied.

**B.     Evidence Of Fair Market Value Is Admissible Because It Bears On The Issues Of Materiality And Good Faith**

   **1.     Materiality**

The Fair Value Evidence also bears on the issue of materiality. The government disagrees, pointing to the Circuit's comment that "whether the price the alleged victims paid was within a range of 'fairness' was not relevant to determining if the misstatements themselves were important to a reasonable investor." Gov. Mot. at 2 (quoting *Litvak*, 808 F.3d at 185). As an initial matter, as noted above, the Second Circuit's holding, that Judge Hall's ruling precluding Fair Value Evidence did not constitute an abuse of discretion, does not preclude the Court from exercising its independent discretion to admit such evidence. More importantly, however, the Circuit's comment that "fairness" of the price "was not relevant to determining if the misstatements themselves were important to a reasonable investor" should not preclude Defendants from arguing that a reasonable investor's *knowledge* that the transactions in issue occurred at fair market value is relevant to such an investor's assessment of whether particular misrepresentations relating to that transaction were "important in making an investment decision." *United States v. Vilar*, 729 F.3d 62, 89 (2d Cir. 2013).

Indeed, if the investor *knows* he is transacting at fair market value, then the investor might conclude he would not obtain better pricing absent the alleged misrepresentation, which would affect whether the investor deemed the misrepresentation to be important to his investment decision. At a minimum, knowledge that one is transacting at fair market value

3

would constitute part of "the total mix of information [] available" to such a reasonable investor, which is relevant to whether the misrepresentation "would have been viewed by the reasonable investor as having significantly altered the *'total mix' of information made available.*" *See TSC Industries v. Northway*, 426 U.S. 438, 449 (1976) (emphasis added).[1]

Conditional on the Court's ruling, we anticipate that one or more of the defense experts—Messrs. Frank Fabozzi, Brian Vahey, and Dr. Richard Ellson—would not only be prepared to testify that the relevant bond transactions occurred at fair market value, but also that reasonable investors in the RMBS market employ certain analytical processes that *would have made them aware* that the trades were done at fair market value. Defendants should be permitted to argue, based on such evidence, that reasonable investors in possession of such knowledge would not have deemed the alleged misrepresentations to be important to their investment decision because the misrepresentations would not have significantly altered the total mix of information available to them.

Accordingly, for these additional reasons, the Court should deny the government's application to preclude Fair Value Evidence.

### 2. Good Faith

Finally, the fact that the relevant bond transactions occurred at fair market value is highly relevant to assessing Defendants' "good faith," which "constitutes a complete defense to charges of wire fraud," *United States v. Dupre*, 462 F.3d 131, 139 (2d Cir. 2006), and securities fraud, *United States v. Dolah*, 72 F. Supp. 2d 235, 240-41 (2d Cir. 1999). The government's motion to

---

[1] Indeed, at the hearing on the motion to dismiss, the government itself embraced the view that an investor's knowledge that he is transacting at fair market value is relevant to materiality: "The Court: Right. If I'm the customer of the rug merchant and I can look elsewhere and find what people are paying for this kind of thing, then it's less likely to be a crime? Ms. Cherry: I mean, I think that this is true, but that goes to what I was saying originally, which is materiality, and sort of if it's easy to sort of do price discovery, then I think it certainly affects it." *See* Motion to Dismiss Hr'g Tr. at 26:17-24, *United States v. Shapiro, et al.*, No. 3:15-CR-155 (RNC) (Apr. 6, 2016).

preclude relies exclusively upon the Second Circuit's comment that Fair Value Evidence "was not relevant to . . . whether [the defendant] intentionally deceived the counterparties' representative." Gov. Mot. at 2 (quoting *Litvak*, 808 F.3d at 185). Defendants, however, do not seek to introduce Fair Value Evidence for the purpose of arguing that they did not act with an intent to deceive. Rather, Defendants intend to argue that they believed, in good faith, that the misrepresentations would not have caused reasonable investors to transact outside the range of fair market value and, consequently, would not have affected a reasonable investor's investment decision. The Fair Value Evidence would provide context for jurors to understand how market participants, like the defendants, would draw such a conclusion, and why their good faith belief was reasonably held.

## CONCLUSION

For the foregoing reasons, the government's motion to preclude evidence or argument regarding fair market value should be denied in its entirety.

Respectfully submitted,

PETRILLO KLEIN & BOXER LLP

By:  /s/ Joshua Klein
Guy Petrillo (CT19924)
Joshua Klein (PHV07748)
Leonid Sandlar (PHV07700)
Mirah Curzer (PHV08047)
655 Third Avenue, 22nd Floor
New York, New York 10017
Telephone: (212) 370-0330
Facsimile:   (212) 370-0391
gpetrillo@pkbllp.com
*Attorneys for Ross Shapiro*

ALSTON & BIRD LLP

By: /s/ Brett D. Jaffe
Brett D. Jaffe (PHV07701)
Joseph G. Tully (PHV07702)
90 Park Avenue
15th Floor
New York, NY 10016-1387
Telephone: (212) 210-9400
Facsimile: (212) 210-9444
Brett.Jaffe@alston.com
*Attorneys for Tyler Peters*

GREENBERG TRAURIG LLP

By: /s/ Marc L. Mukasey
Marc L. Mukasey (PHV07694)
Greenberg Traurig LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 801-9200
Facsimile: (212) 801-6400
mukaseym@gtlaw.com
*Attorneys for Michael Gramins*

## CERTIFICATE OF SERVICE

I hereby certify that July 25, 2016 a copy of foregoing Defendants' Opposition to Government's Motion *In Limine* to Preclude Evidence or Argument Regarding Fair Market Value was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Dated: New York, New York
      July 25, 2016

                                /s/ Leonid Sandlar
                              Leonid Sandlar (PHV07700)
                              655 Third Avenue, 22nd Floor
                              New York, New York 10017
                              Telephone: (212) 370-0330
                              Facsimile: (212) 370-0391
                              lsandlar@pkbllp.com