UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
UNITED STATES OF AMERICA                      :
                                              :
                                              :
             v.                               :    No. 15-cr-00155 (RNC)
                                              :
ROSS SHAPIRO,                                 :
MICHAEL GRAMINS and                           :
TYLER PETERS                                  :    JULY 25, 2016
                                              :
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


# DEFENDANTS' OPPOSITION TO GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OR ARGUMENT REGARDING PROFITABILITY


PETRILLO KLEIN & BOXER LLP
655 Third Avenue, 22nd Fl.
New York, New York 10017
Telephone: (212) 370-0330
*Attorneys for Ross Shapiro*

ALSTON & BIRD LLP
90 Park Avenue
15th Floor
New York, NY 10016-1387
Telephone: (212) 210-9400
*Attorneys for Tyler Peters*

GREENBERG TRAURIG LLP
200 Park Avenue
New York, NY 10166
Telephone:  (212) 801-9200
*Attorneys for Michael Gramins*

**PRELIMINARY STATEMENT**

Defendants Ross Shapiro, Michael Gramins and Tyler Peters respectfully submit this memorandum of law in opposition to the government's motion *in limine* to preclude evidence or argument regarding counterparty trading profits on grounds that such evidence is irrelevant and more prejudicial than probative. *See* Dkt. No. 167 ("Gov. Mot."). To the contrary, evidence of the profits reaped by counterparties is not only directly pertinent to assessing the "intent to harm" element of the wire fraud allegations, but is also relevant to the issue of materiality.

In support of its motion, the government points to Judge Hall's trial ruing in *Litvak* excluding expert testimony regarding the profits earned by counterparties from RMBS bonds purchased in allegedly fraudulent trades, *see* Gov. Mot. at 2 (referencing *United States v. Litvak*, No. 3:13-cr-19 (JCH)), and the Second Circuit's affirmance of her ruling, *id.* (quoting *United States v. Litvak*, 808 F.3d 160, 186 (2d Cir. 2015) ("Whether a victim later made a profit or loss on the bonds it purchased from [the defendant] has no bearing on whether [the defendant's] misrepresentations were material or whether [the defendant] intended to deceive the purported victims.")). However, these rulings are inapposite to the question of whether such evidence is relevant to assessing the defendants' *intent to harm* under the *wire* fraud statute, which was *not* alleged in *Litvak*. In fact, longstanding authority makes clear that evidence that victims profited is regularly deemed admissible on grounds that it is relevant to assessing a defendant's intent to harm. Accordingly, such evidence should be admissible here.

Evidence of profits earned by counterparties is also relevant to materiality. The Circuit's generic remark that subsequent losses or profits on the bonds that were purchased "has no bearing on" materiality was made without the benefit of any briefing on the issue, constitutes non-binding *dictum*, and, moreover, contravenes longstanding Second Circuit authority to the

1

contrary. As discussed further below, there is ample basis to support the admission of such evidence here.

## ARGUMENT

**A. Evidence That The Trades Were Profitable To The Counterparties Is Admissible To Show Lack Of Intent To Harm Under The Wire Fraud Statute**

It is well settled under Second Circuit precedent that evidence of whether victims were harmed (*i.e.,* whether they incurred profits or losses) is relevant to assessing a defendant's fraudulent intent under the mail and wire fraud statutes. *United States v. Heimann*, 705 F.2d 662, 669 (2d Cir. 1983) (acknowledging the defendant's right "to present evidence" that alleged victims "did not lose money" because such evidence may "have negated the fraudulent intent . . . ."). Other circuits have reached similar conclusions. *See, e.g.*, *United States v. Munoz-Franco*, 487 F.3d 25, 62 (1st Cir. 2007) ("[C]ourts have held repeatedly that loss is relevant in fraud cases to demonstrate a defendant's knowledge or intent to commit fraud."); *United States v. Foley*, 783 F.3d 7, 19 (1st Cir. 2015) ("Although Foley is correct that loss is not an element of wire fraud, we have recognized loss as probative of a defendant's knowledge or intent to commit fraud."); *United States v. Copple*, 24 F.3d 535, 544-46 (3d Cir. 1994) ("Proof that someone was victimized by the fraud is [] treated as some evidence of the schemer's intent."); *United States v. Kellogg*, 510 F.3d 188, 197 (3d Cir. 2007) (same); *United States v. Sokolow*, 91 F.3d 396, 406-07 (3d Cir. 1996) (same); *United States v. Noel*, 502 F. App'x 284, 287-88 (4th Cir. 2012) ("The testimony about the victims' financial losses was relevant to prove intent to defraud."); *United States v. Foshee*, 606 F.2d 111, 112-13 (5th Cir. 1979) ("Fraudulent intent is supported by 'proof that someone was actually victimized by the fraud.'") (quoting *United States v. Regent Office Supply Co. Inc.*, 421 F.2d 1174, 1181 (2d Cir. 1970)); *United States v. DeSantis*, 134 F.3d 760, 768 (6th Cir. 1998) (allowing the government to introduce evidence of victim losses, but holding

that "a defendant should be granted equal flexibility in showing that the losses were *not* caused by the alleged fraud"); *see also United States v. Coscia*, 2015 WL 6153602, at *1-2 (N.D. Ill. Oct. 19, 2015) ("[C]ourts have held repeatedly that loss is relevant in fraud cases to demonstrate a defendant's knowledge or intent to commit fraud"); *United States v. Georgiou*, 2009 WL 4641719, at *6-7 (E.D. Pa. Dec. 7, 2009) (same).

Accordingly, evidence that the counterparties profited from the subsequent sale of bonds they purchased from Defendants is admissible because it is relevant to whether Defendants possessed the requisite intent to defraud under the wire fraud statute.[1]

B. **Evidence Of Profitability Is Admissible To Show Absence Of Materiality**

The Second Circuit has squarely recognized that "investor losses [are] probative on the issue of materiality." *United States v. Forbes*, 249 F. App'x 233, 236-37 (2d Cir. 2007) (permitting evidence of $14 billion of losses to shareholders as evidence of materiality).[2] Indeed, courts regularly admit evidence regarding victim losses in securities fraud cases to show materiality or the absence thereof. *See, e.g.*, *United States v. Ebbers*, No. 02-cr-1144 (S.D.N.Y.) (permitting evidence that the charged conduct was a "billion dollar" fraud); *Gross v. United States,* 2009 WL 2195976, at *2 (S.D.N.Y. July 21, 2009) ("the Government displayed [at trial] charts and graphs showing that while its customers were losing almost 50 million dollars, [defendants' firm] was making huge profits."); *United States v. Weissman*, No. 01-cr-529

---

[1] The government also requests that evidence of counterparty profits be barred under F.R.E. 403. *See* Gov. Mot. at 2. The government suggests its 403 concern relates to its assertion that "the charged fraud made [counterparty] investments relatively less profitable." *Id.* This plea is baseless. The defense is entitled to introduce evidence of counterparty profits to negate the allegation that Defendants acted with fraudulent intent. If the government wishes to press the claim that Defendants acted with intent to defraud because they deprived counterparties of additional profit, it is free to offer any admissible evidence in support of that argument.

[2] It is difficult to reconcile this statement with Judge Parker's remark, that counterparty profits have no bearing on whether Litvak's misrepresentations were material. Because the question of whether counterparty profits is relevant to materiality was not squarely presented in *Litvak*, *see* 808 F.3d at 186 ("Second, Litvak claims that the District Court erred in excluding Willner's testimony 'that the bonds were profitable,' which 'bore on the issue of Mr. Litvak's *intent*, even if it was not determinative.'") (emphasis added), Judge Parker's remark constitutes non-binding *dictum.*

(S.D.N.Y.) (permitting evidence of over $100 million in market capitalization losses). The logic underpinning the admission of such evidence is that if actual victims suffered losses by acting on the basis of a misrepresentation, then a reasonable investor would likely have considered the misrepresentation important to her investment decision.

By the same logic Defendants should be permitted to introduce evidence of counterparty *profits* to prove the *absence* of materiality. Evidence of counterparty profits shows that counterparties received bonds ultimately worth *more* than what the counterparties paid for them, which speaks directly to the issue of whether the misrepresentations made in connection with the initial sales to the counterparties were significant. Furthermore, it is anticipated that the evidence will show that the profits received far outweighed the incremental payments that counterparties were allegedly induced to make during negotiations to purchase these bonds, thus further undermining the notion that the alleged misrepresentations would have changed the total mix of information available to a reasonable investor.[3]

Consequently, evidence that the counterparties profited from the subsequent sale of bonds they purchased from Defendants is admissible because it is relevant to whether a reasonable investor would have deemed the alleged misrepresentations material to his investment decision.

## CONCLUSION

For the foregoing reasons, the government's motion to preclude evidence of counterparty profits should be denied in its entirety.

---

[3] Defendants do not concede that counterparties were actually induced to pay more than they otherwise would have paid for the bonds in question. To the contrary, Defendants are unaware of any evidence that, in the absence of the alleged misrepresentations, these bonds would have been available to the counterparties at better prices. Nor are Defendants aware of evidence that counterparties would have refused to transact at the prices at which they did transact had they been aware of the alleged misrepresentations.

4

Respectfully submitted,

PETRILLO KLEIN & BOXER LLP

By: /s/ Joshua Klein
Guy Petrillo (CT19924)
Joshua Klein (PHV07748)
Leonid Sandlar (PHV07700)
Mirah Curzer (PHV08047)
655 Third Avenue, 22nd Floor
New York, New York 10017
Telephone: (212) 370-0330
Facsimile:   (212) 370-0391
gpetrillo@pkbllp.com
*Attorneys for Ross Shapiro*

ALSTON & BIRD LLP

By: /s/ Brett D. Jaffe
Brett D. Jaffe (PHV07701)
Craig Carpenito (PHV0424)
Joseph G. Tully (PHV07702)
90 Park Avenue
15th Floor
New York, NY 10016-1387
Telephone: (212) 210-9400
Facsimile:  (212) 210-9444
Brett.Jaffe@alston.com
*Attorneys for Tyler Peters*

GREENBERG TRAURIG LLP

By: /s/ Marc L. Mukasey
Marc L. Mukasey (PHV07694)
Greenberg Traurig LLP
200 Park Avenue
New York, NY 10166
Telephone:  (212) 801-9200
Facsimile:   (212) 801-6400
mukaseym@gtlaw.com
*Attorneys for Michael Gramins*

**CERTIFICATE OF SERVICE**

      I hereby certify that July 25, 2016 a copy of foregoing Memorandum of Law in Support of Defendants' Opposition to Government's Motion *in limine* to Preclude Evidence or Argument Regarding Profitability was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Dated: New York, New York
       July 25, 2016

                                                  /s/ Mirah Curzer
                                                 Mirah Curzer (PHV08047)
                                                 655 Third Avenue, 22nd Floor
                                                 New York, New York 10017
                                                 Telephone: (212) 370-0330
                                                 Facsimile: (212) 370-0391
                                                 mcurzer@pkbllp.com