UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 3:15CR155 (RNC) |
| | : | |
| v. | : | |
| | : | |
| ROSS SHAPIRO, | : | |
| MICHAEL GRAMINS and | : | |
| TYLER PETERS | : | August 5, 2016 |

**GOVERNMENT'S REPLY TO THE DEFENDANTS'
OPPOSITION TO THE MOTION *IN LIMINE* TO
PRECLUDE EVIDENCE OR ARGUMENT BLAMING VICTIMS**

The Government respectfully submits this Reply to the defendants' Opposition to the Government's Motion *in Limine* to Preclude Evidence or Argument Blaming Victims. There is a balance that the Court must strike between allowing the defendants to present evidence of materiality and preventing them from arguing that victims were negligent or should have been more diligent in discovering the defendants' misrepresentations. The defendants' Opposition does not properly address this issue.

ARGUMENT

In its opening brief, the Government moved this Court for an order preventing the defendants from blaming the victims by presenting evidence or making argument that the victims were contributorily negligent in the success of the defendants' scheme. In their Opposition, the defendants asserted that they do not seek to blame the victims. Rather, they intend to present a materiality defense that includes evidence of what "a reasonable investor would have done in determining what price to agree to pay for any particular bond." Dkt. 180 at 4. The defendants also argue that they must be allowed to cross-examine victims as to what steps they "did and did not take to evaluate the veracity of pricing information provided by the Defendants." *Id.* at 5.

The Government does not dispute the defendants' right to do this. Indeed, this is consistent with Judge Hall's order addressing this very issue in *United States v. Litvak*: "[W]hile Litvak may put on expert testimony about what reasonable investors <u>do</u>, as well as cross-examine government witnesses about what they <u>actually did</u>, he may not ask questions or make arguments that suggest there are things the government witnesses <u>should have done</u>." *United State v. Litvak*, No. 3:13-cr-19 (JCH), Ruling Re: Motions In Limine [Dkt. No. 432] at 23 (emphasis in original). Judge Hall held that this distinction was necessary to protect Litvak's right to present his materiality defense while precluding argument that impermissibly suggest that fraud victims "could have avoided the harm that purportedly befell them by taking additional actions." *Id.* 23-24. Based on the defendants' opposition, it appears they do not intend to blame the victims, and therefore should have no issue with the Court formally precluding such evidence or argument, in the same manner as Judge Hall.

Typically, the defendants' concession would moot the Government's motion. However, the defendants' proposed materiality defense promises to come perilously close to improper victim blaming, which the Court should forestall by issuing the Government's requested order. It is axiomatic that, if the defendants speak, it is their obligation to speak truthfully. It is never the victims' duty to question the defendants' truthfulness or assume defendants are lying. Under Rule 10b-5, "once a party chooses to speak, it has a duty to be both accurate and complete." *In re Bank of Am. AIG Disclosure Sec. Litig.,* 980 F. Supp. 2d 564, 575 (S.D.N.Y. 2013), *aff'd,* 566 F. App'x 93 (2d Cir. 2014) (Internal citations omitted). Under federal anti-fraud provisions, there is nothing a victim need do to ascertain whether he or she has been told the truth; it is the speaker's duty to speak truthfully whenever he or she speaks. The Court should thus preclude any impermissible

suggestion that, had the victims conducted additional due diligence, they could have uncovered the falsity of the defendants' statements and thus avoided being victimized by the defendants.

## CONCLUSION

The defendants' proposed materiality defense poses a serious risk of presenting the jury with an inaccurate impression of the law. Thus, although there does not seem to be a dispute at this time that the defendants will not blame their victims for falling prey to the defendants' lies, the Government respectfully requests that the Court issue an order prohibiting the defendants from presenting any evidence or making any arguments about what victims should have done to ascertain the validity of the defendants' statements or that the victims were in any way contributorily negligent in allowing the defendants to defraud them.

Respectfully submitted,

DEIRDRE M. DALY
UNITED STATES ATTORNEY

           /s/
LIAM BRENNAN
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. CT27924
liam.brennan@usdoj.gov
157 Church Street, 25th Floor
New Haven, CT  06510
Tel.: (203) 821-3700

HEATHER L. CHERRY
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. phv07037
heather.cherry@usdoj.gov

DAVID E. NOVICK
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. phv02874
david.novick@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2016, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

/s/
LIAM BRENNAN
ASSISTANT UNITED STATES ATTORNEY