UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | S1 No. 15-cr-00155 (RNC) |
| | : | |
| ROSS SHAPIRO, | : | |
| MICHAEL GRAMINS and | : | August 5, 2016 |
| TYLER PETERS | : | |
| | : | |

REPLY IN FURTHER SUPPORT OF DEFENDANTS' MOTION *IN LIMINE*
TO EXCLUDE EVIDENCE AND ARGUMENT
REGARDING THE DEFENDANTS' COMPENSATION

Defendants Ross Shapiro, Michael Gramins, and Tyler Peters respectfully submit this reply memorandum of law in further support of their motion *in limine* to preclude the government from offering any evidence at trial relating to the defendants' compensation at Nomura Securities International, Inc. ("Nomura") or at any financial institution at which they worked prior to Nomura. In its opposition, the government does not proffer any evidence that could connect defendants' compensation at Nomura to the profitability of the trades charged in the Superseding Indictment (the "Charged Trades"). Instead, the government refers only to the anticipated testimony of Nomura employees who had no input into or personal knowledge of how Nomura determined the defendants' actual compensation. Nor has the government provided any support for its assertion that the amount of defendants' *total* compensation (*i.e.*, the actual dollar amount that the defendants were paid by Nomura) would do anything other than prejudice the defendants by inflaming the jury. Accordingly, the government should be precluded from introducing this evidence at trial.

**ARGUMENT**

The government does not dispute that, in order to introduce evidence of defendants' compensation, it must link defendants' compensation to the allegedly unlawful profits associated with the trades at issue in the Superseding Indictment. *See United States v. Ferguson*, 2007 WL 4240782, at *1 (D. Conn. Nov. 30, 2007) (excluding evidence of compensation that was not linked to allegedly unlawful conduct and admitting only that component of compensation with a direct causal link to scheme). Yet the government cannot point to a single document that might establish this connection. As for testimony, the government claims only that it "intends to elicit testimony from Nomura traders and salespeople familiar with the way bonuses at Nomura were determined, who will testify that the profitability of the RMBS desk impacted the compensation of traders at Nomura, including the defendants." This statement ignores the fact that none of the potential trial witnesses disclosed by the government had any involvement in determining how Nomura determined the defendants' compensation. Thus, any "familiarity" they might have with "the way bonuses at Nomura were determined" would be, at best, secondhand knowledge based on hearsay, or at worst, unfounded speculation.

The government also attempts to support its position by pointing out that, in the *Litvak* matter, Judge Hall permitted testimony tending to show that "the size of a Jefferies trader's discretionary bonus was dependent, in part, on the profitability of that trader's trades." *United States v. Litvak*, No. 3:13-cr-19 (JCH) (D. Conn. June 28, 2016), Dkt. 432 at 17. This argument, however, only undercuts the government's position, because it ignores a critical distinction between *Litvak* and the case at bar; in *Litvak*, the government presented testimony from Mr. Litvak's *supervisor*, Johan Eveland. Mr. Eveland was directly involved in determining Mr. Litvak's compensation, had personal knowledge of this process, and testified regarding the

correlation between the size of Mr. Litvak's bonuses and the profitability of his RMBS trades. *Id.* No witness disclosed by the government in this case has such knowledge regarding how defendants' compensation at Nomura was determined. Thus, Judge Hall's decision in *Litvak* provides further support for defendants' position that evidence and testimony regarding their compensation should be excluded in this case.

The government also proposes to introduce evidence regarding "[t]he size of the defendants' compensation in absolute terms." (Dkt. 160, Opp. at 3). This evidence would undoubtedly unfairly prejudice the defendants and have little, if any, probative value. The government's argument that this evidence would "be less confusing to the jury" and avoid "the possibility that [the jurors] will try to perform their own calculations based on the profits made on the trades," rings hollow. *Id.* Notably, the government does not cite a single case in support of its position. Even in *Litvak*, where, as discussed above, Judge Hall permitted evidence regarding the profitability of individual RMBS trades at issue, Judge Hall refused to admit evidence of Mr. Litvak's total compensation. *Litvak*, Dkt. 432 at 18-19 ("[T]he government has, to date, failed to establish the relevance of the total amount of his compensation . . . [T]he admission of this evidence could be highly prejudicial to Litvak, as it could 'inflame the jury by appealing to class prejudice,' which is highly improper") (quoting *United States v. Stahl*, 616 F.2d 30, 32-33 (2d Cir. 1980)).

Finally, the government concedes in its opposition that the profits earned by Nomura on any particular RMBS trade were *not* retained by the defendants (*i.e.*, the defendants did not "pocket[] every dollar" of the profits they earned for Nomura through their alleged misrepresentations). However, the government still insists that its witnesses should be able to refer to "Gramins' profits," "defendants' profits," or similar terminology. (Dkt. 160, Opp. at 3-

4). The government asserts, without any support, that such phrases are "commonly used" and precluding their use would require witnesses to instead use "hyper-technical and exhaustive descriptions." *Id.* at 4. This is simply not true. There is nothing "hyper-technical" or "exhaustive" about requiring the government's witnesses to properly refer to "*Nomura's* profits," or some equivalent phrase, as opposed to testifying about the "*defendants'* profits." This simple choice of words would avoid the likely confusion to the jury and prejudice to defendants that would result from permitting the government to introduce evidence or elicit testimony regarding defendants' profits.

## CONCLUSION

For the foregoing reasons, and those stated in the defendants' moving brief, defendants respectfully request that the Court grant their motion *in limine* to preclude the government from offering any evidence at trial relating to the defendants' compensation.

Respectfully submitted,

GREENBERG TRAURIG LLP

By: /s/ Marc L. Mukasey
Marc L. Mukasey (PHV07694)
200 Park Avenue
New York, NY 10166
Telephone: (212) 801-9200
Facsimile: (212) 801-6400
*Attorneys for Michael Gramins*

PETRILLO KLEIN & BOXER LLP

By: /s/ Guy Petrillo
Guy Petrillo (CT19924)
655 Third Avenue, 22nd Floor
New York, New York 10017

5

        Telephone: (212) 370-0330  
        Facsimile: (212) 370-0391  
        *Attorneys for Ross Shapiro*

        ALSTON & BIRD LLP

By:  /s/ Brett D. Jaffe  
     Brett D. Jaffe (PHV07701)  
     90 Park Avenue  
     15th Floor  
     New York, NY 10016-1387  
     Telephone: (212) 210-9400  
     Facsimile: (212) 210-9444  
     *Attorneys for Tyler Peters*

## CERTIFICATION OF SERVICE

  I hereby certify that on August 5, 2016, a copy of foregoing Memorandum of Law in Opposition to the Government's Motion *in Limine* to Exclude Evidence and Argument Regarding the Absence of Criminal Activity in Uncharged Transactions was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Dated: New York, New York
    August 5, 2016

                 /s/ Marc L. Mukasey
                Marc L. Mukasey (PHV07694)
                200 Park Avenue
                New York, NY 10166
                Telephone: (212) 801-9200
                Facsimile: (212) 801-6400
                Email: mukaseym@gtlaw.com