UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :

UNITED STATES OF AMERICA        :

                                        :

                                        :

              v.                  :        No. 15-cr-00155 (RNC)

                                        :

ROSS SHAPIRO,        :
MICHAEL GRAMINS and        :        AUGUST 5, 2016
TYLER PETERS        :

                                        :

                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


**DEFENDANTS' REPLY IN SUPPORT OF THEIR
MOTION *IN LIMINE* TO PRECLUDE ADMISSION OF
<u>FINRA STUDY GUIDES ABSENT PROPER FOUNDATION</u>**


                                   PETRILLO KLEIN & BOXER LLP
                                   655 Third Avenue, 22nd Fl.
                                   New York, New York 10017
                                   Telephone: (212) 370-0330
                                   *Attorneys for Ross Shapiro*

                                   ALSTON & BIRD LLP
                                   90 Park Avenue
                                   15th Floor
                                   New York, NY 10016-1387
                                   Telephone: (212) 210-9400
                                   *Attorneys for Tyler Peters*

                                   GREENBERG TRAURIG LLP
                                   200 Park Avenue
                                   New York, NY 10166
                                   Telephone:  (212) 801-9200
                                   *Attorneys for Michael Gramins*

**PRELIMINARY STATEMENT**

Defendants Ross Shapiro, Michael Gramins and Tyler Peters respectfully submit this reply memorandum of law in further support of their motion *in limine* to preclude the government from offering study guides for the qualifying examinations administered by the Financial Industry Regulatory Authority ("FINRA") absent an evidentiary foundation that establishes that defendants reviewed these guides. (Dkt. No. 163).

The government proposes to offer these guides as circumstantial evidence "to establish the content of certain industry certification examinations, and the defendants' familiarity with those exams, as evidence that the defendants knew that their conduct was unlawful, to rebut any suggestion by the defendants that they acted in good faith, and to prove that the misrepresentations by the defendants were material." *See* Gov't Opp. to Defts'. Mot. in Limine ("Gov. Opp.") (Dkt. No. 179) at 2.[1]  As discussed more fully below, the study guides are irrelevant and cannot serve as circumstantial evidence of the defendants' knowledge and intent absent some foundation for inferring that defendants actually *read* them.  The government proffers no such (direct *or circumstantial*) foundational evidence.  The guides are also prejudicial because they would likely cause jurors to speculate about whether defendants reviewed these materials, and because the contents of the guides bear no relevance to the issues in dispute.

**DISCUSSION**

The government claims that the study guides are relevant because they constitute the best evidence of the content of the actual licensing exams passed by the defendants several years ago which FINRA no longer maintains. Gov. Opp. at 2.  The government is mistaken.  In fact, these guides are *not* proper evidence of the content of these exams.  The Series 7 and 24 guides are

---

[1] The government does not suggest there is any direct evidence that any of the defendants reviewed these study guides.

1

simply outlines that do not even explain the relevant concepts that were tested on these exams. *See id*. Moreover, none of the study guides reveal the "actual questions" that were on the exams the defendants passed. *See* Trial Tr. 288, *United States v. Litvak*, No. 3:13-CR-19 (D. Conn. 2014). The government's position is akin to claiming that the best evidence of what appears on a history exam is the relevant textbook. This posture lacks common sense. Of course there will be some overlap between the content of the textbook and topics covered on the exam. But the notion that an exam covers *all* or even the *majority* of material within a textbook or study guide does not follow. Invariably, exams test only a fraction of what is covered in such textbooks and study guides, and therefore, the study guides do *not* constitute proper evidence of the content of an exam.[2]

The government also claims these guides are relevant as stand-alone evidence that "the defendants were aware that their conduct was unlawful" based on the unsupported assumption that someone interested in passing the FINRA licensing exams would "look at the FINRA outlines themselves or work from test preparation material that is based on the outlines." Gov. Opp. at 3. This claim is likewise hollow. The publication of these study guides does not beget a reasonable inference that the defendants actually reviewed them. Indeed, students preparing for exams often rely on tutors and private preparatory courses, and, as appropriate, their prior education and experience. Indeed, the government concedes the defendants may have relied upon "derivative" materials provided by other sources to prepare for these exams. *See id.* Nevertheless, the government propounds the baseless claim that a review of such *derivative* materials, without any understanding of their actual content, or the extent to which the derivative materials are based on the FINRA study guides, somehow provides a sufficient foundation for

---

[2] Indeed, the contrary paradigm – providing students with the exact material to be tested – is commonly derided as cheating.

arguing that the *FINRA* study guides are admissible as evidence of the defendants' knowledge. This jumbled claim should be rejected.

The government attempts to sidestep this foundational gap by claiming that the guides consist of "circumstantial" evidence of the content of the exams and the defendants' knowledge. *See* Gov. Opp. at 4-7. But the government fails to recognize that even circumstantial evidence requires a foundation. The cases cited in the government's brief are instructive on this point. For example, in *United States v. MacPherson*, a structuring case, the Second Circuit held that the testimony of a bank manager who completed a cash transaction report ("CTR") form on behalf of the defendant constituted admissible circumstantial evidence that the defendant was knowledgeable about CTR reporting requirements even though the bank manager did not recall completing the CTR in question. Gov. Opp. at 5 (citing *MacPherson*, 424 F.3d 183, 189 (2d Cir. 2005)). Underpinning the Court's holding was the fact that the bank manager had testified it was her *uniform practice* to prepare CTRs while sitting with the relevant customer. *Id.* This rationale militates *against* admitting the study guides. Unlike *MacPherson*, where the bank manager's testimony about her uniform practice provided a foundational link connecting the CTR reporting requirements to the defendant's knowledge of these requirements, the government has offered no such connection here.

The other principal case upon which the government relies, *United States v. Salameh*, 152 F.3d 88, 111 (2d Cir. 1998), likewise counsels in favor of preclusion. In *Salameh*, certain "terrorist materials" were admissible against the defendant as circumstantial proof of the conspiracy and the defendant's familiarity with explosives, despite the absence of direct evidence that the defendant had read the materials. However, unlike the study guides at issue here, the terrorist materials in *Salameh* were recovered *from the defendant's apartment* and *bore*

3

*his fingerprint*. *Id.* As the government recognizes, the Second Circuit has held that evidence of knowledge can be proven through possession of documents. Gov. Opp. at 6. But the government fails to explain what relevance this authority holds for the circumstances here, where there is no evidence the study guides were ever in the possession of the defendants.

Finally, the admission of the study guides would create substantial prejudice, not only because it would risk causing the jury to speculate improperly about whether the defendants ever read the guides, but also because the study guides fail to address the unique factual circumstances of this case. Whether defendants understood, as a general matter, that the law proscribes fraud is not in dispute here. Rather, the issues in dispute involve whether making misrepresentations unrelated to the nature or the value of the security constituted fraud, even though the misrepresentations occurred during negotiations with arm's-length counterparties who received the benefit of their bargain in the transaction. The study guides do not address these issues, and their admission would create the mistaken and misleading impression that the defendants were somehow on notice that their actions were unlawful. Furthermore, the study guides themselves are wholly irrelevant to this case as they refer to irrelevant regulatory topics and provide legal characterizations that invade the province of the Court to instruct the jury on the law. Nor should the FINRA witness, Mr. Carocci, be permitted to testify about *his* understanding of the law, as he did in *Litvak*, which would similarly usurp the role of the Court.[3]

## CONCLUSION

For the foregoing reasons and those stated in the defendants' opening brief, defendants respectfully request that the Court grant their motion *in limine* to preclude the government from

---

[3] *See* Trial Tr. 277, *United States v. Litvak*, No. 3:13-CR-19 (D. Conn. 2014) (Mr. Carocci testifying that "My understanding . . . is you can't make untrue statements of material fact or omit to state material facts when you are selling securities to the investing public. That's my understanding of the anti-fraud provisions of the Securities Act.").

4

offering study guides for the qualifying examinations administered by FINRA.

                Respectfully Submitted,

                PETRILLO KLEIN & BOXER LLP

                By:  /s/ Joshua Klein
                Guy Petrillo (CT19924)
                Joshua Klein (PHV07748)
                655 Third Avenue, 22nd Floor
                New York, New York 10017
                Telephone: (212) 370-0330
                Facsimile:   (212) 370-0391
                gpetrillo@pkbllp.com
                *Attorneys for Ross Shapiro*

                ALSTON & BIRD LLP

                By:  /s/ Brett D. Jaffe
                Brett D. Jaffe (PHV07701)
                Joseph G. Tully (PHV07702)
                90 Park Avenue
                15th Floor
                New York, NY 10016-1387
                Telephone: (212) 210-9400
                Facsimile:  (212) 210-9444
                Brett.Jaffe@alston.com
                *Attorneys for Tyler Peters*

                GREENBERG TRAURIG LLP

                By:  /s/ Marc L. Mukasey
                Marc L. Mukasey (PHV07694)
                Greenberg Traurig LLP
                200 Park Avenue
                New York, NY 10166
                Telephone:  (212) 801-9200
                Facsimile:   (212) 801-6400
                mukaseym@gtlaw.com
                *Attorneys for Michael Gramins*

**CERTIFICATE OF SERVICE**

     I hereby certify that on August 5, 2016 a copy of foregoing Reply in Support of Defendants' Motion *in Limine* to Preclude Admission of FINRA Study Guides Absent Proper Foundation was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Dated: New York, New York
          August 5, 2016

                                            /s/ Leonid Sandlar
                                          Leonid Sandlar (PHV07700)
                                          655 Third Avenue, 22nd Floor
                                          New York, New York 10017
                                          Telephone: (212) 370-0330
                                          Facsimile: (212) 370-0391
                                          lsandlar@pkbllp.com