UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 3:15CR155 (RNC) |
| | : | |
| v. | : | |
| | : | |
| ROSS SHAPIRO, | : | |
| MICHAEL GRAMINS and | : | |
| TYLER PETERS | : | August 5, 2016 |

**GOVERNMENT'S REPLY TO THE DEFENDANTS' OPPOSITION TO THE MOTION *IN LIMINE* TO PRECLUDE EVIDENCE AND ARGUMENT REGARDING THE ABSENCE OF CRIMINAL ACTIVITY IN UNCHARGED TRANSACTIONS**

The Government respectfully submits this Reply in further support of its Motion *in Limine* to Exclude Evidence and Argument Regarding the Absence of Criminal Activity in Uncharged Transactions.

**ARGUMENT**

The Government's motion (Dkt. #159) established that the defendants were not entitled to offer evidence of "other good acts" based on the lack of criminality in uncharged transactions (*i.e.*, trades that were not part of the charged scheme). In response, the defendants conceded that they will not offer evidence of their uncharged transactions for the purposes of arguing a lack of criminality or to prove their good character. Defs.' Opp. (Dkt. #181) at 1. But they argue that they are entitled to offer evidence of their uncharged trades to rebut any argument that (1) the charged trades are indicative of their standard operating procedure for trading bonds and (2) that the defendants had a financial motive to commit the fraud. *Id.* at 2. The first point is moot, since the Government does not intend to argue at trial that the defendants made misrepresentations in all (or even most) of their trades. As for the second, while the defendants are entitled to "present a holistic view of Nomura's RMBS business" (including, "in general terms, the thousands of

RMBS trades conducted by Nomura that were not among the Charged Trades"), Defs.' Opp. at 3, they should not be permitted to insinuate that uncharged trades do not contain misrepresentations because such evidence is irrelevant, stands to confuse the jury and waste time.

I. **THE GOVERNMENT WILL NOT ATTEMPT TO PROVE THAT THE DEFENDANTS' LIED IN EVERY TRADE**

The defendants seek to rebut an argument the Government does not make. The Government does not intend to put on evidence or argue that all of the defendants' trades were "tainted by criminal conduct," nor that the defendants had a "*modus operandi*" or standard operating procedure of lying when trading. Defs' Opp. at 2. To be clear: the Government expects to present evidence that the defendants made fraud and deceit a regular part of their trading practice, but not all of it. The Government expects that its witnesses will testify that as part of the defendants' scheme, there were trades other than the charged trades in which the defendants made misrepresentations to their clients. Specifically, the Government expects witnesses will testify that some of these trade negotiations occurred over the phone. This happened more frequently after Jesse Litvak was indicted, so as not to be recorded in electronic chats. But, the Government also expects witnesses to testify that not all trades were conducted fraudulently or contained misrepresentations. For that reason, the Second Superseding Indictment does not allege –and the Government will not argue – that all of the defendants' RMBS trades were fraudulent; the Government does not contend that even the majority of the defendants' trades were fraudulent.

The Second Circuit has been clear on this issue. "A defendant may not seek to establish his innocence ... through proof of the absence of criminal acts on specific occasions." *United States v. Scarpa*, 913 F.2d 993, 1011 (2d Cir.1990). Evidence of good (or non-criminal) acts

"would only be relevant if the indictment charged [the defendants] with ceaseless criminal conduct." *Id.* at 1010. "Evidence of past 'good acts' by defendants is generally not probative unless the defendants are alleged to have 'always' or 'continuously' committed 'bad acts[.]'" *United States v. Damti*, 109 F. App'x 454, 455-456 (2d Cir. 2004).

## II. LACK OF CRIMINALITY IN UNCHARGED TRADES IS NOT ADMISSIBLE TO REBUT THE GOVERNMENT'S FINANCIAL MOTIVE EVIDENCE

The defendants also hold out the possibility that they will introduce evidence concerning the lack of criminal conduct in uncharged trades to rebut the Government's financial motive proof. There is no dispute that the defendants may introduce evidence that Nomura did thousands of trades each year and that the RMBS desk had various method for generating profits. But under Fed R. Evid. 401, the defendants should not be permitted to present evidence of specific non-fraudulent transactions or to argue or imply that every uncharged trade was not fraudulent.

Evidence that the defendants stood to personally gain by increasing Nomura's profits on trades has no logical connection to the absence of criminal activity in uncharged trades. The Government does expect to argue that the defendants were likely to economically benefit as they increased Nomura's profits. However, uncharged trades that do not harm Nomura's profits are irrelevant to showing personal gain as a motive to fraudulent conduct.

In making their argument, the defendants rely heavily on one unreported case, *United States v. Balboa*, No. 1:12 Cr. 196 (PAC), 2013 WL 6196606 (S.D.N.Y. Nov. 27, 2013), but miss a critical part of the holding. In *Balboa*, the defendant was charged with inflating the prices of Nigerian warrants held by his investment fund, allegedly in order to increase profits for the fund. 2013 WL 6196606 at *1. Balboa wanted to present evidence that he had marked down some of the investments in his fund's portfolio. *Id*. at *2. The *Balboa* court ruled that the markdown evidence may be admissible, if it met very strict relevancy requirements, a fact

glossed over by the defendants here. The court required Balboa to show (1) the markdowns were lower than fair market prices, (2) he knew they were lower than fair market prices at the time,[1] (3) he believed the prices would negatively impact the valuation of his fund as a whole (thereby decreasing profits) and (4) they overlapped in time with the alleged overvaluations. *Id*. at *3. Here, the defendants ignore the threshold showing of relevance required in *Balboa*, and for good reason. The court said that the markdowns only impugned the alleged profit motive if they caused Balboa's funds to lose value. In this case, the uncharged transactions do not decrease Nomura's profits, they simply may not increase them in the same way the fraudulent trades do.

### III. THE PROBATIVE VALUE OF UNCHARGED TRADES IS OUTWEIGHED BY THEIR TENDENCY TO WASTE TIME AND CONFUSE THE ISSUES

Evidence of uncharged trades would cause confusion and delay that overwhelms its minimal relevance, violating Fed. R. Evid. 403. To establish anything about whether the thousands of uncharged trades were fraudulent would require its own trial-within-a-trial, with the defendants presenting evidence of "clean" trades and the Government rebutting with additional "dirty" trades. The disproportionate amount of trial time this would require would naturally create the impression in jurors' mind that this is a crucial question and possibly even an element of the charged offenses. Evidence about the presence or absence of fraud in trades that are not part of the charged scheme should therefore be excluded because it would stand to improperly confuse the issues, mislead the jury, create undue delay and waste time, all in service of little, if any, probative value.

---

[1] Notably, *Balboa* supports the Government's argument in another of its motions: fair market prices—to the extent they are knowable—are relevant to the defendant's intent only to the extent they are known to the defendant. Similarly, they are relevant to materiality only to the extent they are knowable to the reasonable investor.

## CONCLUSION

The Government respectfully requests that the Court preclude the defendants from presenting evidence or argument that there was no criminal conduct in uncharged trades.

Respectfully submitted,

DEIRDRE M. DALY
UNITED STATES ATTORNEY

_____/s/_____
LIAM BRENNAN
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. CT27924
liam.brennan@usdoj.gov
157 Church Street, 25th Floor
New Haven, CT  06510
Tel.: (203) 821-3700

HEATHER L. CHERRY
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. phv07037
heather.cherry@usdoj.gov

DAVID E. NOVICK
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. phv02874
david.novick@usdoj.gov

- 6 -

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 5, 2016, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

                                        /s/
                         LIAM BRENNAN
                         ASSISTANT UNITED STATES ATTORNEY