UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:15CR155 (RNC) |
| | : | |
| v. | : | |
| | : | |
| ROSS SHAPIRO, | : | |
| MICHAEL GRAMINS, and | : | |
| TYLER PETERS | : | August 19, 2016 |

**GOVERNMENT'S REPLY IN SUPPORT OF ITS
MOTION REGARDING DEFENDANTS' EXPERT WITNESSES**

The Government respectfully submits this reply in support of its Motion Regarding Defendants' Expert Witnesses (doc. # 172).

**I.   THE COURT SHOULD EXCLUDE EXPERT TESTIMONY NOT ALREADY NOTICED**

The defendants do not appear to contest that they may not add to or alter their experts' opinions based on material in their possession at the time of the expert disclosures. Rather, the defendants have stated that they may offer additional expert testimony not reflected in their Notices, based on documents the defendants hope to obtain through Rule 17(c). That the Notices are not complete is a problem of the defendants own making.

The defendants disclosed their proposed experts on June 13 and 27, 2016. On July 22, 2016—over a month later—the defendants filed a motion seeking subpoenas pursuant to Rule 17(c). Because the defendants have not received the subpoenaed documents (and in some cases have not yet been granted leave to issue the requested subpoenas), the defendants' experts have not yet analyzed these documents. But the defendants chose to wait until two months after expert notices were due—and nearly a year after this case was filed—to request these Rule 17(c) subpoenas.

Accordingly, the Government respectfully requests that the Court order that the defendants

make no further expansions or alterations of the opinions of their experts, and preclude any expert testimony that is not reflected in the notices already produced. *See* Fed. R. Crim. P. 16, advisory committee's note to 1993 amendment (the purpose of the rule is to "minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination."); *United States v. Mahaffy*, No. 05-CR613, 2007 WL 1213738, at *2 (E.D.N.Y. Apr. 24, 2007) (under Rule 16(d)(2), district court has discretion to preclude expert testimony "regarding any topics or opinions not properly disclosed") (citing *United States v. Barile*, 286 G.3d 749, 758-59 (4th Cir. 2002). This is principally a matter of fairness to the Government, which must have adequate time to prepare for trial, and in particular to cross examine these four experts.

## II. DEFENDANTS HAVE FAILED TO ADEQUATLY DISCLOSE THEIR EXPERT WITNESSES' OPINIONS AND THEIR BASIS

In its motion, the Government argued that the defendants insufficiently disclosed: 1) the basis for Frank Fabozzi's testimony regarding his analysis of the models used by the victims and failed to disclose what opinions he will offer; 2) the basis for Fabozzi's testimony regarding the process that non-agency RMBS investors generally use to make investment decisions; and 3) the basis for Brian Vahey's testimony regarding his analysis of the models used by victims other than Ellington and HIMCO. In their opposition, the Defendants have partially clarified their notice with respect to the substance of Fabozzi's testimony. *See* Defendant's Memorandum in Opposition ("Defs.' Opp.") at 3. But the defendants have not provided the basis for Fabozzi's opinion with respect to the process that non-agency RMBS investors generally use to make investment decisions. Nor have they disclosed any additional bases for Vahey's or Fabozzi's testimony about the victims' models. Therefore, the Government respectfully asks the Court to preclude Fabozzi's testimony as to the process that non-agency RMBS investors generally use and as to his analysis

of the models used by the victims, and preclude Vahey from testifying as to investor models other than what was noticed regarding Ellington and HIMCO.

### A. The defendants insufficiently disclose the basis and qualifications for Fabozzi's testimony regarding the process that non-agency RMBS investors generally use to make investment decisions

The Government does not contest that Fabozzi is a prolific scholar on matters relating to fixed-income structuring and valuation. Accordingly, the Government has not asked this Court to preclude Fabozzi's testimony regarding the complexity of the models used by buy-side investors, or the inputs and assumptions incorporated into these models and how they may affect the valuation of bonds.

Instead, the Government asks the Court to preclude Fabozzi from testifying about the process that non-agency RMBS investors generally use to make investment decisions. The defendants simply claim that it is evident from Fabozzi's *curriculum vitae* that he has the qualifications and a basis to provide testimony about RMBS investors' investment decisions. But Fabozzi was never was a buy-side investor, nor have the defendants claimed that he participated in any relevant studies relating to how investors negotiate or what they consider important. Tellingly, despite the Government's objections, the defendants still do not specifically cite the studies or explain the work that Fabozzi did that provides him with the relevant experience to make the proposed assertions. His CV, while extensive and clearly distinguished, does not make this clear either. Thus, the defendants have failed to disclose anything that explains why Fabozzi is qualified to offer an expert opinion about the weight a reasonable investor would give to statements made by broker-dealers in the course of negotiations or the dynamics of negotiations in the non-agency RMBS market.

**B.     The defendants insufficiently disclose the bases of Vahey's and Fabozzi's proposed testimony regarding counterparty models**

Although the defendants' have given notice as to their experts' conclusions about counterparties' models, they have failed to disclose what their experts reviewed and used as the basis to form their opinions (other than Vahey's review of documents received from victims Ellington and HIMCO). For example, it is unclear what basis Fabozzi had to opine that victims' models are complex, because the defendants' notice concedes that the models will have to be "obtained by Defendants through discovery." Accordingly, the defendants' experts should be precluded from testifying about models other than those referenced in the Notices.

### III.     THE COURT SHOULD PRECLUDE DEFENDANTS FROM OFFERING REDUNDANT EXPERT TESTIMONY

Although the defendants ask the Court to reserve decision until trial, the Court should resolve this issue now, if for no other reason than to avoid inconveniencing the jury with the delays while the parties argue this issue every time the defendants attempt to elicit redundant expert testimony. The Government does not object to the defendants calling all four of their experts, but the defendants should not be permitted to elicit redundant testimony from substantively identical experts, in particular Vahey and Ellson. Vahey and Ellson will not only testify to virtually the same conclusions, but have very similar industry experience.[1] While the defendants have successfully distinguished Fabozzi from Vahey and Ellson, the defendants have not distinguished these two experts from each other. The jury will not be aided by hearing essentially the same expert testimony derived from the similar experiences. Accordingly, the Court should order the defendants to avoid cumulative expert testimony.

---

[1] In fact, after the defendants asked for additional time to find a single expert to replace one who was no longer available, they noticed two: Ellson and Vahey.

**IV.     DISPUTED ISSUS RAISED IN THE GOVERNMENT'S MOTIONS *IN LIMINE***

The Government raised three disputed issues pertaining to the defendants' proffered expert testimony in its motions *in limine*. First, the defendants' experts should be precluded from testifying that the bonds were bought or sold at fair market value. *See* Doc. #166 and #206. Second, the defendants' experts should be precluded from testifying about the victims' profitability. *See* Doc. #167 and #205. And third, the defendants' experts should be precluded from blaming the victims. *See* Doc. #165 and #199.  The Government agrees with the defendant that these issues can be taken up in the context of considering the substantive motions *in limine*.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court issue an order precluding:  1) expert testimony not properly disclosed in the defendants' June 13 and 27 Notices; 2) certain testimony by Fabozzi and Vahey for which the defendants did not disclose adequate qualifications and/or bases; 3) redundant expert testimony; and 4) expert testimony that (a) bonds traded in the charged scheme had fair market values or prices; (b) victims eventually made a profit on the bonds they bought in the charged scheme; and (c) victims' purported lack of care or reasonableness is to blame for their entering into the fraudulent trades.

                                        Respectfully submitted,

                                      DEIRDRE M. DALY
                                      UNITED STATES ATTORNEY

                                      /s/
                                      HEATHER CHERRY
                                      ASSISTANT UNITED STATES ATTORNEY
                                      FEDERAL BAR NO. PHV07037

                                      LIAM BRENNAN
                                      ASSTANT UNITED STATES ATTORNEY
                                      FEDERAL BAR NO. CT27924

                                                DAVID E. NOVICK
ASSISTANT UNITED STATES ATTORNEY
FEDERAL BAR NO. PHV02874

U.S. Attorney's Office
157 Church Street
New Haven, CT 06510
(203) 821-3700

- 7 -

**Certificate of Service**

  I hereby certify that on August 19, 2016, a copy of the foregoing was sent electronically to counsel for Ross Shapiro, Michael Gramins, and Tyler Peters through the Court's ECF system.

                _____/s/_____
                HEATHER CHERRY
                ASSISTANT UNITED STATES ATTORNEY