UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA : | CRIMINAL NO. 3:15CR155 (RNC) |
| : | |
| v. : | |
| : | |
| ROSS SHAPIRO and : | |
| MICHAEL GRAMINS : | January 16, 2018 |
| : | |

MOTION TO CONTINUE AND EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT

The Government respectfully requests that the Court continue jury selection in the retrial of unresolved counts in this matter from the current date of January 29, 2018, until July 10, 2018 and exclude the further delay under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A). The Government also respectfully requests that the Court order evidence to begin on July 16, 2018. As discussed more fully below, the requested continuance is in the interest of justice because it will allow the Court to properly consider and rule on the defendant's post-trial motions, allow the Court to incorporate into its ruling the Second Circuit's pending decision in *United States v. Litvak*, and allow sufficient time for pre-trial proceedings, including any pre-trial motions by the parties.

This motion is unopposed by the defendants.

I.      Background

The grand jury originally returned an indictment against the defendants in September 2015, charging them with conspiracy, securities fraud and wire fraud. Following months of discovery and multiple rounds of pretrial and *in limine* motions, a jury trial began on May 3, 2017. After six weeks of trial, the jury convicted defendant Gramins on one count of conspiracy, failed to reach a verdict on one count of securities fraud and one count of wire fraud and acquitted him the

remaining counts. The jury failed to reach a verdict on Shapiro's conspiracy charge and acquitted him of the substantive securities and wire fraud charges.

On June 27, 2017, the defendants moved for a judgement of acquittal or, on Gramins' one count of conviction, a new trial. Dkt. 440. The motion contemplated that the defendants would file supporting memoranda on a schedule to be determined. On June 29, 2017, the defendants requested, with the Government's agreement, that the Court order any new trial to begin on January 29, 2018 and to exclude the intervening time under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A) "in order to prepare and submit Defendants' post-trial motions, permit the government an opportunity to respond, allow the Court to consider and decide the motions, and to ensure continuity of counsel." Dkt. 441. On July 6, 2017, the Court granted the defendant's motion. The Court also approved a schedule that called for the defendants' post-trial Rule 29 and Rule 33 motions to be due on August 28, 2017. Dkt. 442.

On August 28, 2017, the defendants submitted their post-trial motions. Consistent with their earlier motion, defendants Shapiro and Gramins both moved for a judgment of acquittal. In the alternative, Gramins also moved for a new trial on his count of conviction. After briefing by both parties, the Court held oral argument on November 8, 2017.

In their post-trial motions, both defendants Shapiro and Gramins argued, in part, that the lies at issue in this case cannot be material as a matter of law. *See* Dkt. 475 at 1 and Dkt. 476 at 55. This issue was also presented to the Second Circuit in Jesse Litvak's appeal of his second conviction in a similar case. *United States v. Litvak*, Case No. 17-1464 (2d Cir.), Def's Br. at 24-40. The Second Circuit held oral argument in *Litvak* on December 11, 2017, but has not yet issued an opinion.

II. Argument

The Speedy Trial Act, as codified at 18 U.S.C. § 3161, permits the Court, on its own motion or in response to a party's motion, to grant a continuance that will be excluded from the speedy trial clock, "if the judge granted such continuance on the basis of [the Court's] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). To do so, the Court must set forth "in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.* The Supreme Court has explained that "[t]he best practice . . . is for a district court to put its findings on the record at or near the time when it grants the continuance." *Zedner v. United States*, 547 U.S. 489, 507 n.7 (2006). The Act provides articulates certain factors, "among others," that a district court should consider in making it findings. For example, the district court must consider:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> . . .
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B).

However, the Act's list of factors for ends-of-justice findings is "non-exhaustive," and this provision "furnishes '[m]uch of the Act's flexibility' because it 'gives the district court discretion—within limits and subject to specific procedures—to accommodate limited delays for case-specific needs.'" *United States v. Dingham*, 716 F.3d 915, 921 (5th Cir. 2013) (quoting *Zedner*, 547 U.S. at 498-99); *see also United States v. Green*, 516 Fed. App'x 113, 122 (3d Cir. 2013) (referring to § 3161(h)(7)(B) as "non-exhaustive list of the factors a judge must consider"); *United States v. Hills*, 618 F.3d 619, 626 (7th Cir 2010) (same).

Here, several factors augur in favor of the requested continuance.

First, a continuance will appropriately provide the Court with additional time to consider the post-trial motions. Those motions raise complicated issues of law and fact raised over the course of nearly 200 pages of briefing and several hours of oral argument, and which also implicate the hundreds of pages of pre-trial briefing and oral argument. The Court must consider hundreds of pages of exhibits and thousands of pages of trial transcript collected over this month-long trial.

Second, additional time is appropriate to permit the Court to consider the Second Circuit's decision in *Litvak*. At oral argument in this matter, the Court indicated that it was inclined to wait to read the Second Circuit's holding in the *Litvak* matter. Hearing Tr. 58-59, Nov. 8, 2017 Since that time, the Second Circuit has held oral argument (on December 11, 2017), but has not yet reached a decision. Given the significant overlap between legal issues in these factually analogous cases, and the imminence of the *Litvak* decision, it is unreasonable to expect the Court to render a decision without considering the Second Circuit's opinion.

Third, the parties will need ample time to consider the evidence in light of both the *Litvak*

4

ruling and the Court's post-trial rulings, which may very well impact the way in which a re-trial proceeds. Those decisions may well generate additional motion practice that would precede any re-trial.[1]

Because an "order excluding time from speedy trial computation should be made in anticipation of a particular trial date," *United States v. Gambino*, 59 F.3d 353, 358 (2d Cir. 1995) (internal quotations omitted), the Government requests that the Court place this matter for jury selection on July 10, 2018 and to begin evidence on July 16, 2018. In this instance, the interests of justice served by choosing a new trial date outweigh the interest of the public and the defendant in the current trial date because they allow the Court sufficient time to properly issue a ruling on the post-trial motions and provide the defendants and the Government time to incorporate the Court's ruling into preparation for a new trial in this complex matter. The complexity of the issues facing the Court and the unusually close fact pattern currently before the Second Circuit in *Litvak* weigh heavily in favor of continuing this matter. 18 U.S.C. 3161(h)(7)(A)(ii). Moreover, as the trial date is currently only three weeks away, even if the Second Circuit were to resolve the outstanding issues and the Court were to immediately incorporate them into a ruling, proceeding on such a short time frame would very likely result in a miscarriage of justice in violation of 3161(h)(7)(A)(i). Time is accordingly excludable under the Speedy Trial Act, pursuant to 18 U.S.C. 3161(h)(7)(A).[2]

---

[1] Additional time to prepare pre-trial motions, should they be necessary, would be separately excludable if the Court makes appropriate findings. *Bloate v. United States*, 559 U.S. 196, 204 (2010).

[2] Some courts have found that the resolution of post-trial motions on mis-tried counts would otherwise toll the speedy trial clock as to a new trial under 18 U.S.C. Section 3161(h)(1) ("Any period of delay resulting for other proceeding concerning the defendant"). *See United States v. Salerno*, 108 F.3d 730, 736 (7th Cir. 1997) (time spent litigating post-trial motions and resolving sentencing disputes was excludable under § 3161(h)(1)) and *United States v. Agostini*, 279 F. Supp. 2d 276 (S.D.N.Y. 2003) (delay of retrial caused by defendant's post-trial motions was excludable under the Speedy Trial Act). *But see United States v. Symington*, 195 F.3d 1080 (9th Cir. 1999) (only the period that a post-trial motion is under advisement is excludable.).

## Conclusion

Accordingly, the Government respectfully requests that the Court continue jury selection from January 29, 2018 until July 10, 2018, set evidence to begin on July 16, 2018 and exclude the intervening time under the Speedy Trial Act, pursuant to 18. U.S.C. §3161(h)(7)(A).

        Respectfully submitted,

        JOHN H. DURHAM
        UNITED STATES ATTORNEY

        _____

        LIAM BRENNAN
        ASSISTANT UNITED STATES ATTORNEY
        FEDERAL BAR NO. CT27924

        HEATHER L. CHERRY
        DAVID E. NOVICK
        ASSTANT UNITED STATES ATTORNEYS

        U.S. Attorney's Office
        157 Church Street
        New Haven, CT 06510
        (203) 821-3700
        Liam.Brennan3@usdoj.gov

## CERTIFICATE OF SERVICE

This is to certify that on January 16, 2018, a copy of the foregoing Motion and proposed Order was filed electronically. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/

Liam Brennan
ASSISTANT U.S. ATTORNEY