UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | S3 No. 15-cr-00155 (RNC) |
| | : | |
| ROSS SHAPIRO and | : | |
| MICHAEL GRAMINS | : | June 6, 2018 |
| | : | |

**MOTION FOR SEVERANCE AND SPEEDY TRIAL OF ROSS SHAPIRO**

Defendant Ross Shapiro, in view of the government's announced intention of June 5, to pursue an appeal of the Court's ruling granting codefendant Gramins a new trial, respectfully hereby moves for a severance, under Rule 14(a) of the Federal Rules of Criminal Procedure, so that his trial may proceed as scheduled. 18 U.S.C. § 3161(c)(1).

Mr. Shapiro, at the time of verdict in June 2017, had been under investigation and prosecution for close to four years. Since the verdict, the matter of the single surviving count of the indictment has been pending for another full year. Should the government's appeal be approved by the Solicitor General, the appellate process could easily absorb another year or more. Then, depending on the appellate outcome, a trial may be scheduled for a date months after resolution of the appeal.

Such delay is not fair to Mr. Shapiro and is unreasonable. His life and that of his family should not continue to be in an indefinite holding pattern. Moreover, the jury venire has already been summoned, and jury questionnaires completed. In these circumstances, Mr. Shapiro does not consent to an exclusion of time under the Speedy Trial Act and seeks to move forward with his trial.

Severance is called for under Rule 14(a) where "there is a serious risk that a joint trial would compromise a specific trial right" of the defendant. *Zafiro v. United States*, 506 U.S. 534, 537-38 (1993). Mr. Shapiro has a right to a speedy and public trial, *see* U.S. Const. amend. VI, to which he is entitled "at the earliest practicable time," *see* 18 U.S.C. § 3161(a). The Speedy Trial Act is designed to protect a criminal defendant's constitutional right to a speedy trial and ensure prompt criminal proceedings for the purpose of minimizing the length of the periods of anxiety for victims, witnesses and defendants, and their families. *See United States v. Ledee*, No. CRIM. 09-131, 2011 WL 2518775, at *2 (D.P.R. June 22, 2011) (primary concern of the Speedy Trial Act is allowing defendants to avoid "anxiety and public suspicion arising out of the accusation"). *See also* 18 U.S.C. 3161(h)(6) (any delay caused by joinder must be "reasonable."). And, courts grant severance where, as here, a lengthy adjournment of a defendant's trial until the disposition of complex legal issues involving his codefendants compromises defendant's right to a speedy trial. *See United States v. Byrd*, 466 F. Supp. 2d 550 (S.D.N.Y. 2006) (granting severance where projected months' long internal DOJ process would be "unreasonable" under the Speedy Trial Act).

Severance here is fully warranted. Mr. Shapiro has lived under the cloud of this case for more than five years, during which time he has consistently contested the charges. The investigation commenced in February 2013, when SIGTARP first contacted broker-dealers, including Nomura, requesting internal investigations. (Dkt. 342 at 11). Mr. Shapiro was first interviewed by Nomura counsel in May 2014 (NSI00042370), and placed on administrative leave in November 2014 (NSISEC00112012). Then, the grand jury returned the indictment in September 2015. (Dkt. 2). Mr. Shapiro's trial, initially scheduled for November 2015, did not

commence until May 2017.[1]  On June 15, 2017, the trial jury acquitted Mr. Shapiro on all counts other than Count One, as to which it did not reach a verdict.  On June 5, 2018, this Court denied Mr. Shapiro's post-trial motion for a judgment of acquittal.

Over the five years described above, Mr. Shapiro's life activities have been severely restricted, and the effect on him and his family of the pending criminal charges has been and is immense.  As he continues to contest the remaining charge, Mr. Shapiro's interest in a prompt trial is manifest.

That interest would be compromised in the extreme were a severance to be denied.  On June 5, 2018, the government advised the Court that it intends to file a notice of appeal from this Court's Order granting Mr. Gramins' motion for a new trial (Dkt. 504), and to seek internal DOJ approval to pursue an appeal.[2]  This process could take months.  If the Solicitor General approves the appeal, the resulting appellate process could readily consume a year or more.  As a result, Mr. Shapiro's trial could await mid-to-late 2019.[3]

---

[1] Defendants initially sought to continue trial from November 10, 2015 to October 18, 2016 (Dkt. 66), which the Court granted (Dkt. 71).  In later discussions in Court concerning a potential continuance, the defense expressed a strong preference for commencing in January 2017.  *See* Motions Hr'g Tr. 26:18-19; 27:1-2 (Sept. 2, 2016) ("[W]e would be amenable to the earliest possible January date. . . Starting January 3, 4, 5, would be our ideal starting date.").  In light of the government's objection on the grounds that the retrial in *United States v. Litvak* was scheduled to commence on January 4, 2017, the parties subsequently agreed to, and the Court adjourned trial to, February 27, 2017.  (Dkt. 244).  On December 28, 2016, the government sent an email to the Court requesting that the jury administrator refrain from mailing out jury summonses due to a family medical emergency of the lead prosecutor.  On January 3, 2017, the government requested a continuance in order to accommodate the lead prosecutor (Dkt. 280), which the defendants opposed (Dkt. 282).  The Court granted the government's motion over defense objection and rescheduled trial to commence on May 4, 2017. (Dkts. 288, 292).

[2] The government wrote: "In light of the Court's ruling granting Mr. Gramins' Rule 33 motion, we wanted to make you aware that we intend to file a notice of appeal within the statutorily-prescribed 30-day period, by July 5th.  In addition, because that will stay the case as to Mr. Gramins, we intend also to move to continue the trial as to Mr. Shapiro."

[3] The most current data available from the Administrative Office of the United States Courts shows that the median time it takes in the United States Courts of Appeals for the Second Circuit to resolve an appeal is more than one year.  *See* http://www.uscourts.gov/sites/default/files/fcms_na_appprofile1231.2017.pdf.

Although, in the ordinary course, joint trials are understood to promote the clear preference for judicial efficiency, in this case severance is more consistent with that goal, where this Court has already summoned jurors to fill out juror questionnaires on June 4, 2018, and where jury selection is scheduled to be held on June 12, 2018.  Moreover, a trial of Mr. Shapiro alone can be expected to be substantially shorter than the 2017 multi-week trial of three defendants.[4]

Accordingly, Mr. Shapiro respectfully requests that the Court grant his motion for severance and speedy trial.

Respectfully submitted,

PETRILLO KLEIN & BOXER LLP

By:  /s/ Guy Petrillo
    Guy Petrillo (CT19924)
    Joshua Klein (PHV07748)
    Amy Lester (PHV08919)
    655 Third Avenue, 22nd Floor
    New York, New York 10017
    Telephone: (212) 370-0330
    Facsimile:  (315) 873-2015
    *Attorneys for Ross Shapiro*

---

[4] The first trial in this matter consumed 21 trial days over the course of six calendar weeks.  The single-defendant trial against David Demos before Honorable Alvin Thompson took nine trial days over the course of two calendar weeks.

## CERTIFICATION OF SERVICE

I hereby certify that on June 6, 2018, a copy of foregoing Motion for Severance and Speedy Trial was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Dated: New York, New York
June 6, 2018

/s/ Leonid Sandlar
Leonid Sandlar (PHV07700)
655 Third Avenue, 22nd Floor
New York, New York, 10017
Telephone: (212) 370-0330
Facsimile: (315) 873-2015
lsandlar@pkbllp.com