# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No. 15-cr-00155 (RNC) |
| | : | |
| ROSS SHAPIRO and | : | |
| MICHAEL GRAMINS | : | |
| | : | JUNE 12, 2018 |
| | : | |

## DEFENDANT ROSS SHAPIRO'S AMENDED MOTION FOR MODIFICATION OF CONDITIONS OF RELEASE

Further to his oral Motion to Modify Conditions of Release of June 7, 2018 (Dkt. 508), Defendant Ross Shapiro hereby respectfully moves this Court to modify the Order Setting Conditions of Release ("Bail Order") to remove restrictions on Mr. Shapiro's travel and contact with certain industry participants ("no contact provision"), such that his conditions of bail would be release on his own recognizance and the District's standard conditions. Since the hearing last week, the government has advised that it has no objection to this application except that it does not agree that the no contact provision should be lifted. We respectfully submit this Amended Motion requesting that the Court (1) amend Mr. Shapiro's bail conditions such that they consist solely of release on his own recognizance and the standard conditions, as well as—*for the time being*—the no contact provision, and (2) following such additional input from the parties as the Court may order, further amend bail to lift the no contact provision.

Mr. Shapiro was arraigned on the Indictment before Magistrate Judge Donna F. Martinez on September 10, 2015 (Dkt. 19). On September 11, 2015, Magistrate Judge Martinez entered the Bail Order as to Mr. Shapiro (Dkts. 41, 42), which set the following conditions of release: (1) the execution of an appearance bond in the amount of $1,000,000, co-signed by a financially

responsible person (Mr. Shapiro's spouse, Rachelle Shapiro); (2) the restriction of travel to Connecticut, New York, and New Jersey, and, with approval in advance of Pretrial Services, elsewhere in the United States; (3) the surrender of Mr. Shapiro's passport to counsel and a prohibition on obtaining a new passport or other international travel document; (4) the restriction of contact with certain persons and entities, a term the Court has twice narrowed over time.[1]

We respectfully submit that at this juncture—one year after the jury acquitted Mr. Shapiro on all counts other than Count One, as to which it did not reach a verdict, and with Mr. Shapiro's having appeared consistently at trial and all related conferences—that further restrictions on Mr. Shapiro's travel and contacts with others are wholly unnecessary to address the twin concerns of the Bail Reform Act, namely, (1) the reasonable assurance of the appearance of the defendant as required, and (2) the safety of any other person in the community. *See* 18 U.S.C. § 3142(c)(1)(B) (requiring the court to fashion a bail package including the "least restrictive condition or combination of conditions" that meet the twin goals of the Act).

The Court should lift all conditions restricting Mr. Shapiro's travel because the reasonable assurance of his appearance is not disputed. Throughout the long pendency of this criminal case, Mr. Shapiro has continued to reside with his family in Irvington, New York, send his three children to local schools, and remain involved in community activities.[2] Since the jury acquitted him of eight counts of the Indictment, Mr. Shapiro has continued to appear before the Court and contest the sole outstanding charge. Accordingly, no risk of flight is presented, and

---

[1] By letter dated September 16, 2015, the government identified thirty-six individuals and sixty-four institutions in connection with the no contact provision, to which defendants objected at a subsequent Court conference. On January 19, 2016, the Court narrowed the no contact provision to apply only to employees from the listed institutions who were involved in mortgage-backed securities trading or sales, or held legal or compliance positions. (Dkt. 96). On April 10, 2017, the Court further narrowed the no contact provision to apply to any person the government expected to call as a witness at trial. (Dkt. 345). At the time, the Court declined defendants' supplemental request (Dkt 91) to permit defendants to have "minimal communications with individuals on the No Contact List for the purpose of facilitating defense counsels' contact with witnesses." (Dkt. 345).

conditions 7(d) through (f) of the Bail Order should be rescinded, with a direction to counsel to return Mr. Shapiro's passport to him.

The safety of persons in the community is equally unaffected by the removal of the no contact provision, condition 7(g) of the Bail Order. In a case such as this one, where the integrity of the proceedings has never been at risk, this bail condition was never shown to be necessary. Notably, on defense application, the Court has twice narrowed its scope. (Dkts. 96, 345).

With this case now on the docket since September 2015, no valid basis exists to restrict Mr. Shapiro's contacts in any respect, and the Bail Reform Act requires the removal of this bar on Mr. Shapiro's liberty interests. *See United States v. Lillemoe*, No. 15-CR-25 (JCH) (D.Conn. May 28, 2015), Dkt. 47 (Merriam, J.) (removing a no-contact condition barring co-defendants from communicating outside the presence of counsel where it was not necessary to reasonably assure the safety of the community). Mr. Shapiro has done his part and will continue to do his part in maintaining the integrity of these proceedings. For these reasons, the no contact provision, condition 7(g), should be lifted.

We have communicated with the U.S. Attorney's Office concerning the removal of conditions 7(d) through (g) of the Bail Order. The USAO responded that it has no objection to the removal of conditions 7(d) through (f), relating to Mr. Shapiro's travel, but the USAO objects to the removal of condition 7(g), the no contact provision. Mr. Shapiro's pre-trial officer Meghan D. Nagy of the U.S. Probation Office has been consulted, and she indicated that she does not object to the proposed removal of conditions 7(d) through (f) and takes no position and defers to the Court on the portion of the request relating to condition 7(g).

---

[2] In 2016, with Court approval, Mr. Shapiro traveled with his family to Mexico and returned without incident. (*See* Dkts. 87, 93).

Accordingly, on consent, Mr. Shapiro respectfully submits a proposed Order rescinding conditions 7(d) through (f) of the Bail Order, with instructions to counsel to return Mr. Shapiro's passport to him.

Mr. Shapiro further respectfully requests that the Court, following such additional input from the parties as it may request, modify the Bail Order to remove all restrictions on Mr. Shapiro's contacts under condition 7(g).[3]

                                            Respectfully submitted,

                                            PETRILLO KLEIN & BOXER LLP

                                            By: /s/ Guy Petrillo
                                            Guy Petrillo (CT19924)
                                            655 Third Avenue, 22nd Floor
                                            New York, New York 10017
                                            Telephone: (212) 370-0330
                                            Facsimile: (315) 873-2015
                                            gpetrillo@pkbllp.com
                                            *Attorneys for Ross Shapiro*

---

[3] We have communicated with counsel for defendant Michael Gramins concerning the instant motion. Counsel for Mr. Gramins stated that Mr. Gramins plans to file his own motion seeking the same relief.

## **CERTIFICATION OF SERVICE**

I hereby certify that on June 12, 2018, a copy of foregoing Amended Motion for Modification of Conditions of Release was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Dated: New York, New York
June 12, 2018

/s/ Leonid Sandlar
Leonid Sandlar (PHV07700)
655 Third Avenue, 22nd Floor
New York, New York, 10017
Telephone: (212) 370-0330
Facsimile: (315) 873-2015
lsandlar@pkbllp.com
