UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA          CRIMINAL NO. 3:15CR155 (RNC)

v.

ROSS SHAPIRO          October 14, 2020

MOTION TO SET A TRIAL DATE AND EXCLUDE TIME
UNDER THE SPEEDY TRIAL ACT

The Government respectfully requests that the Court set a date for the retrial of the unresolved count against defendant Ross Shapiro and exclude the further delay under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A). The Government suggests a trial date in May or June 2021. As discussed more fully below, the requested continuance is in the interest of justice in light of difficulties occasioned by the COVID-19 pandemic in trying a lengthy case such as this, and in order to allow sufficient time for pre-trial proceedings, including any pre-trial motions by the parties. Counsel for Shapiro has indicated that he seeks a trial on the first date available to the Court following the re-commencement of trial in the District. That said, Shapiro indicates that he is considering pre-trial motions, and would file those before the December holidays.

**I.     Background**

The grand jury originally returned an indictment against Shapiro and two co-defendants, Michael Gramins and Tyler Peters, in September 2015, charging them with conspiracy, securities fraud and wire fraud. Following months of discovery and multiple rounds of pretrial and *in limine* motions, a jury trial began on May 3, 2017. After six weeks of trial, the jury convicted defendant Michael Gramins on one count of conspiracy, failed to reach a verdict on one count of securities fraud and one count of wire fraud and acquitted him on the remaining counts. The jury failed to

reach a verdict on Shapiro's conspiracy charge and acquitted him of the substantive securities and wire fraud charges. The jury also acquitted defendant Tyler Peters on all counts.

On June 27, 2017, Shapiro and Gramins moved for a judgement of acquittal or, on Gramins' one count of conviction, a new trial. Dkt. 440. The motion contemplated that the defendants would file supporting memoranda on a schedule to be determined. On June 29, 2017, the defendants requested, with the Government's agreement, that the Court order any new trial to begin on January 29, 2018 and to exclude the intervening time under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A) "in order to prepare and submit Defendants' post-trial motions, permit the government an opportunity to respond, allow the Court to consider and decide the motions, and to ensure continuity of counsel." Dkt. 441. On July 6, 2017, the Court granted the defendant's motion. The Court also approved a schedule that called for the defendants' post-trial Rule 29 and Rule 33 motions to be due on August 28, 2017. Dkt. 442.

On August 28, 2017, the defendants submitted their post-trial motions. Consistent with their earlier motion, defendants Shapiro and Gramins both moved for a judgment of acquittal. In the alternative, Gramins also moved for a new trial on his count of conviction. After briefing by both parties, the Court held oral argument on November 8, 2017.

On January 16, 2018, the Government moved, with the defendants' agreement, to continue the trial until July 16, 2018, to "allow the Court to properly consider and rule on the defendant's post-trial motions, allow the Court to incorporate into its ruling the Second Circuit's pending decision in *United States v. Litvak*, and allow sufficient time for pre-trial proceedings, including any pre-trial motions by the parties." Dkt. 490 at 1. On January 25, 2018, the Court granted the motion in part, continuing trial and excluding time until May 8, 2018. Dkt. 491. On February 1, 2018, counsel for Gramins asked that the Court continue trial until the previously-requested date

of July 16, because of his and Government counsel's trial schedule. Dkt. 493. On May 1, 2018, the Court granted that application in part, scheduling jury selection on June 12 and evidence starting on July 9, 2018. Dkt. 494.

On June 5, 2018, the Court issued its ruling denying the defendants' Rule 29 motions, but granting Gramins motion for a new trial (the "Rule 33 order"). On June 6, 2018, Shapiro moved for a severance and for a trial date. Dkt. 505. However, during a hearing on June 7, 2018, Shapiro took the Court's invitation to move for reconsideration of the denial of his Rule 29 motion, and requested a trial "in the fall of 2018 subject to the Court's calendar." Dkt. 511 at 35. The Court excluded time until the next trial date in the interests of justice, although no date was set, pending resolution of the reconsideration motions. *Id.* at 41. On June 27, 2018, both defendants filed motions for reconsideration. Dkts. 519, 522. On July 5, 2018, the Government filed a notice of appeal from the Court's Rule 33 order. Dkt. 525. Shapiro filed supplemental briefs on October 5, 2018 and March 12, 2019 in support of his motion for reconsideration. Dkts. 534, 539.

On September 20, 2019, the Second Circuit reversed the Rule 33 order and reinstated Gramins's conviction. *United States v. Gramins*, 939 F.3d 429 (2d Cir. 2019). A mandate was issued on December 4, 2019. Dkt. 541. On December 19, 2019, the Government filed a supplemental opposition to the motions for reconsideration, in light of the Second Circuit's opinion. Of note, the *Gramins* court went through a detailed discussion of the facts in this case and held that "[t]he district court therefore properly applied our holdings in *Litvak I* and *II* in denying Gramins's motion for judgment of acquittal." *Gramins*, 939 F.3d at 447. The defendants responded to the Government's supplemental briefing on January 6, 2020. Dkts. 544, 545.

On February 8, 2020, the Government moved the Court to set a trial date in September 2020 and to exclude any further delay from the speedy trial clock. Dkt. 546. The Government

argued that exclusion was warranted (1) to permit the Court to consider the reconsideration motions in light of the Second Circuit's decision in *Gramins*, and to allow oral argument and additional briefing if necessary; (2) allow the parties to consider how *Gramins* would affect a re-trial, and whether further pre-trial motion practice would be necessary; and (3) to allow for time to prepare a re-trial in a case that was first tried three years ago.

The Court held a status conference on March 4, 2020 on the Government's motion, and to discuss the pending motions for reconsideration. *See* Dkt. 549. At the hearing, the Court asked the Government to respond to the defendants' most recent briefing, and then asked the defendants to reply. Hg. Tr. 3/4/20 at 5. Without objection, the Government was afforded 30 days to file its brief, and the defendants asked for two weeks to reply. *Id*. at 6-7. The Court then set an oral argument date of April 29, 2020. *Id*. at 8. The Government then reiterated its request to set a trial date and exclude time from the speedy trial clock. *Id*. at 9-10. The Government noted that, while the time was likely still excludable because of continuing motion practice, the Court should nonetheless set a trial date and make a ruling regarding the ends of justice. *Id*. at 9-10. Shapiro referred to the question as "academic," but nonetheless objected to any exclusion. Shapiro did not offer an alternative date. *Id*. at 10. The Court granted the Government's motion to set a trial for September 2020, noting that "I think that my ruling on the motions for reconsideration, assuming it's issued not long after the oral argument, would—if it's in favor of the government—give you time to prepare for another trial in September if another trial is going to be necessary; and I think that trying to do it before September is unrealistic considering all that would need to be done to prepare for another trial in the event that a trial proves necessary." *Id*. at 11-12. The Court stated its intention to issue a text order with the necessary findings, *id*. at 12, but did not do so.

Following the schedule set by the Court, the Government filed a timely response (Dkt. 553)

and the defendants filed timely replies (Dkts. 554, 555). The Court held oral argument on April 29 and May 7, 2020. Around the same time, the functioning of the court system was significantly affected by the onset of the COVID-19 pandemic. Among other things, the Chief Judge for the District of Connecticut issued orders continuing all jury trials, first to September 1, 2020, and then (and currently) to November 2, 2020. The Chief Judge made specific findings excluding the resulting delays from the speedy trial clock. *See* Exs. 1, 2.

On September 22, 2020, the Court denied the defendants' motions for reconsideration, and issued text orders on September 25, 2020 (Dkts. 565, 566). On September 22, following the Court's announcement of its decision, the Government asked the Court, "consistent with our earlier motion," to set a trial date. The Government asked the Court to "set a trial date for sometime next year and make the appropriate speedy trial findings, not only taking into consideration the speedy trial findings that Chief Judge Underhill has made regarding the pandemic, but also understanding that this case itself, as the Court is well aware, is likely to be longer than I suspect what the early criminal jury trials will look like." Hg. Tr. 9/22/2020 at 18. Shapiro's counsel, while objecting to a continuance, noted that "[w]e obviously understand the current conditions and the Chief Judge's order and therefore are lodging our continuing objection for the record even knowing what the reality is." Shapiro's counsel also noted a trial commitment on April 5, 2021 in another district, and the Government noted a trial scheduled for March.

**II.     Argument**

The Speedy Trial Act, 18 U.S.C. § 3161, permits the Court, on its own motion or in response to a party's motion, to grant a continuance that will be excluded from the speedy trial clock, "if the judge granted such continuance on the basis of [the Court's] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant

5

in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  To do so, the Court must set forth "in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*  The Supreme Court has explained that "[t]he best practice . . . is for a district court to put its findings on the record at or near the time when it grants the continuance." *Zedner v. United States*, 547 U.S. 489, 507 n.7 (2006).  The Act articulates certain factors, "among others," that a district court should consider in making it findings.  For example, the district court must consider:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> . . .
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B).

However, the Act's list of factors for ends-of-justice findings is "non-exhaustive," and this provision "furnishes '[m]uch of the Act's flexibility' because it 'gives the district court discretion—within limits and subject to specific procedures—to accommodate limited delays for case-specific needs.'" *United States v. Dingham*, 716 F.3d 915, 921 (5th Cir. 2013) (quoting *Zedner*, 547 U.S. at 498-99); *see also United States v. Green*, 516 Fed. App'x 113, 122 (3d Cir.

2013) (referring to § 3161(h)(7)(B) as "non-exhaustive list of the factors a judge must consider"); *United States v. Hills*, 618 F.3d 619, 626 (7th Cir 2010) (same).

Here, several factors augur in favor of the requested continuance and ends-of-justice findings.

First, the COVID-19 pandemic has caused the Chief Judge to suspend all jury trials until November 2, 2020. Even after that, it is unrealistic to expect the Court to select a jury in this particular case under the current circumstances, which do not appear to be abating. The first trial in this matter took six weeks and included a lengthy jury selection process to find jurors willing and able to sit for that long. With only one defendant, the trial is likely to be shorter, but the Government still anticipates a 2-3 week trial—which could be longer if the defense puts on a case. (Defendants noticed, but did not call, four experts in advance of the prior trial.) Moreover, in addition to the 12 jurors, the Court would need to select several alternate jurors to guard against potential excusals for illness.

Second, the requested time will be necessary to litigate pre-trial matters. Counsel for Shapiro has indicated to the Government that he is considering pre-trial motions, and that he would file those before the December holidays.[1] Were the Government then to respond by the end of January, and the defendant reply in February, the Court would be in a position to hear argument in February or March. Considering the length and complexity of motion practice before the first trial, and now the need to consider the guidance of the Second Circuit in *Gramins*, any schedule should afford the Court ample time for argument and decision. Like Shapiro, the Government will also likely file pre-trial motions, which will add to work to be done prior to trial.

---

[1] Additional time to prepare pre-trial motions, should they be necessary, would be separately excludable if the Court makes appropriate findings. *Bloate v. United States*, 559 U.S. 196, 204 (2010).

7

Third, the requested trial date will give the parties time to otherwise prepare for a re-trial. This case involves witnesses who are not local to Connecticut, and there will likely be challenges in preparing the case while the pandemic continues.

The Government requests that the Court place this matter for trial on its calendar for a specific date in May or June 2021, and exclude the time until then. The Government also asks that the Court memorialize that its exclusion of time began on June 7, 2018. Dkt. 511 at 41. [2] As the *Gramins* court made clear, the issues that have been on appeal directly impacted the course of a retrial in this matter, and the Court rightly deferred any retrial on either defendant until the Second Circuit ruled. Moreover the Court indicated its intention separately to exclude time from March 4, 2020 until September 2020, and the Chief Judge has also excluded time for all trials through November 2, 2020.

---

[2] Some courts have found that the resolution of post-trial motions on mis-tried counts would otherwise toll the speedy trial clock as to a new trial under 18 U.S.C. Section 3161(h)(1) ("Any period of delay resulting for other proceeding concerning the defendant"). *See United States v. Salerno*, 108 F.3d 730, 736 (7th Cir. 1997) (time spent litigating post-trial motions and resolving sentencing disputes was excludable under § 3161(h)(1)) and *United States v. Agostini*, 279 F. Supp. 2d 276 (S.D.N.Y. 2003) (delay of retrial caused by defendant's post-trial motions was excludable under the Speedy Trial Act). *But see United States v. Symington*, 195 F.3d 1080 (9th Cir. 1999) (only the period that a post-trial motion is under advisement is excludable.).

## III. Conclusion

Accordingly, the Government respectfully requests that the Court set a trial date in May or June 2021, and exclude the time from June 7, 2018 until the new trial date under the Speedy Trial Act, pursuant to 18. U.S.C. §3161(h)(7)(A).

Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY

/s/
_____
DAVID E. NOVICK
ASSISTANT UNITED STATES ATTORNEY

/s/
_____
HEATHER L. CHERRY
ASSISTANT UNITED STATES ATTORNEY

U.S. Attorney's Office
157 Church Street
New Haven, CT 06510
(203) 821-3700
David.Novick@usdoj.gov

CERTIFICATE OF SERVICE

This is to certify that on October 14, 2020, a copy of the foregoing Motion was filed electronically. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/

DAVID E. NOVICK
ASSISTANT U.S. ATTORNEY