UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT


UNITED STATES OF AMERICA                    CRIMINAL NO. 3:15CR155 (RNC)

v.

ROSS SHAPIRO                                April 19, 2021


SUPPLEMENTAL MEMORANDUM IN FURTHER SUPPORT OF MOTION TO SET A
TRIAL DATE AND EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT

The Government files this supplemental memorandum in further support of its October 14, 2020 motion to set a trial date and exclude time under the Speedy Trial Act (Doc. 578) and to propose a new trial date in light of the public health circumstances that remain an obstacle to an immediate trial in this matter. The parties have conferred, and agree that January 17, 2022, or a date thereabouts at the Court's convenience, is mutually convenient for the parties and ensures continuity of counsel, and avoids risk to the parties, the Court, and the public from COVID-19 that may result from a trial of this length.

Additionally, the Government requests that the Court make findings under 18 U.S.C. § 3161 that the further continuance is in the interests of justice. The Government has consulted with counsel for the defendant, who continues to preserve his right to a speedy trial and the related speedy trial objections and applications he has made to date.

A revised proposed order is attached.

I.      **Additional Background**

A full procedural history up to and including October 14, 2020 was set out in the Government's motion (Doc. 578) and will not be repeated here. Since that filing, the COVID-19 pandemic has continued to preclude jury trials in this district. One Court in this district attempted

to empanel a jury for a trial in November 2020, but the vast majority of the summonsed jurors either did not respond or were excused for health reasons. *See* Supplemental Exhibit 1. On December 3, 2020, the Chief Judge issued an order continuing all jury trials until on or after February 1, 2021 (Supp. Exhibit 2); then the Chief Judge issued an order on January 19, 2021, continuing all jury trials until on or after May 3, 2021 (Supp. Exhibit 3). In both instances, the Chief Judge made findings excluding the resulting delays from the speedy trial clock. *See* Supp. Exhibits 2, 3. In the later order, the Chief Judge held that:

> Judges may schedule jury selections and trials to begin on or after May 3, 2021 in the hope that circumstances may permit them to proceed safely. In light of the large backlog of trial-ready cases, the lengthy periods of detention experienced by some defendants, and public health guidance about the need to avoid lengthy exposure to other persons in indoor spaces, priority will be given to short criminal trials involving defendants who have been detained the longest.

Exhibit 3 at 1.

At the Court's request in March 2021, the Government and counsel for the defendant consulted regarding a new trial date. In light of the Chief Judge's order and the ongoing pandemic, the parties agree that it would be impractical and potentially unsafe to conduct this trial beginning in May. While this trial will be shorter than the first trial because there are fewer defendants and counts, it will nonetheless be approximately 2-3 weeks in length. Assuming that trials do, in fact, successfully restart in May 2021, the earliest this trial could feasibly happen would be in the fall of 2021. However, counsel for the defendant has informed the Government that they have a trial in Chicago scheduled to begin on October 18, 2021 which will last at least four weeks, and thus it would be impossible for them to mount an adequate defense in this case in the month before that trial, and they would need adequate time to prepare for this trial after the Chicago trial is completed. Under these circumstances, the parties agreed that a January 17, 2022 date would be

the earliest practical date to try this matter.  That date—being two weeks after the new year—would also avoid potential hazards from a jury panel that may have traveled domestically or internationally during the holiday season.  This schedule is, of course, dependent on the course of the pandemic, which is very much in flux given recent developments.  *See* Supp. Exhibit 4.

## II.    Additional Argument

The Government argued in its motion the reasons that a continuance, and an exclusion under the Speedy Trial Act, are appropriate (*see* Doc. 578), and will not repeat those in full here.  Although in its opening brief the Government requested a date in May or June of 2021, that is obviously no longer practical given subsequent events.  The arguments in the Government's opening brief hold equally true in support of a new trial date in January 2022.

First, consistent with the Chief Judge's order prioritizing shorter criminal trials, it would be highly impractical to find a jury panel willing and able to sit for the length of this trial until at least the fall of 2021.  Trying this case now poses unnecessary risk to the litigants and jurors.  Moreover, in the last trial both counsel required the attendance of several persons in addition to those at counsel table in order to present an effect case and defense, and it would be difficult to allow that to occur under capacity restrictions necessitated by the pandemic.

Second, neither party has yet filed any additional motions—a difficult proposition without a trial date—and thus ample time is still necessary to litigate pre-trial matters.  As noted in the Government's opening brief, counsel for Shapiro has indicated to the Government that he is considering pre-trial motions.[1]  Considering the length and complexity of motion practice before the first trial, and now the need to consider the guidance of the Second Circuit in *Gramins*, any

---

[1] Additional time to prepare pre-trial motions, should they be necessary, would be separately excludable if the Court makes appropriate findings.  *Bloate v. United States*, 559 U.S. 196, 204 (2010).

schedule should afford the Court ample time for argument and decision.  Like this defendant, the Government will also likely file pre-trial motions, which will add to work to be done prior to trial.

Third, the requested trial date will give the parties time to otherwise prepare for a re-trial. This case involves witnesses who are not local to Connecticut, and there will likely be challenges in preparing the case while the pandemic continues.

Fourth, defense counsel has indicated that they are unavailable due to another lengthy trial this fall, and a further continuance to January 2022 would afford the defendant continuity of counsel.  This is particularly important in this case, where it would be impractical to expect a defendant to obtain new counsel given his current counsel's extensive knowledge of and experience with this case.

Accordingly, the Government requests that the Court place this matter for trial on its calendar for a specific date on or after January 17, 2022, and exclude the time until then.  As noted in its opening brief, the Government also asks that the Court memorialize that its exclusion of time began on June 7, 2018.  Dkt. 511 at 41.  As the *Gramins* court made clear, the issues that have been on appeal directly impacted the course of a retrial in this matter, and the Court rightly deferred any retrial on either defendant until the Second Circuit ruled.  Moreover the Court indicated its intention separately to exclude time from March 4, 2020 until September 2020; the Chief Judge has also excluded time for all trials through May 3, 2020; and this motion has been pending (and not yet under consideration) since October 14, 2020.

As noted above, the Government has consulted with defense counsel, who agrees that January 17, 2022 is the earliest practical date for a retrial given the pandemic and other obligations. However, the defendant continues to preserve his right to a speedy trial and the related speedy trial objections and applications he has made to date.

4

**III.**     **Conclusion**

Accordingly, the Government respectfully requests that the Court set a trial date on or after January 17, 2022, and exclude the time from June 7, 2018 until the new trial date under the Speedy Trial Act, pursuant to 18. U.S.C. §3161(h)(7)(A).

Respectfully submitted,

LEONARD C BOYLE
ACTING UNITED STATES ATTORNEY

/s/

_____
DAVID E. NOVICK
ASSISTANT UNITED STATES ATTORNEY

/s/

_____
HEATHER L. CHERRY
ASSISTANT UNITED STATES ATTORNEY

U.S. Attorney's Office
157 Church Street
New Haven, CT 06510
(203) 821-3700
David.Novick@usdoj.gov

CERTIFICATE OF SERVICE

This is to certify that on April 19, 2021, a copy of the foregoing Motion was filed electronically.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.


/s/
_____
DAVID E. NOVICK
ASSISTANT U.S. ATTORNEY