4/15/2021 — Fear of COVID-19 infection among prospective jurors upends efforts to begin the state's first, post-pandemic trial - Hartford Courant

Case 3:15-cr-00155-RNC Document 614-2 Filed 04/19/21 Page 1 of 11

SECTIONS     99¢ FOR 8 WEEKS   Offer ends soon     LOG IN

**LEARN MORE ABOUT SUBSCRIPTIONS**

Gov. Lamont's inner circle agonized over image, messaging amid...



Who is being hospitalized with COVID-19 in Connecticut? Almost...



Some in Connecti snow Thurs when and h

ADVERTISEMENT

CORONAVIRUS

# Fear of COVID-19 infection among prospective jurors upends efforts to begin the state's first, post-pandemic trial

By **EDMUND H. MAHONY**
HARTFORD COURANT | NOV 23, 2020

  

FEEDBACK



Judge's gavel and handcuffs on white wooden background, closeup. Criminal law concept

Since the coronavirus forced the judiciary to scale back dramatically last winter, the courts have experimented with safe, new ways to gear back up, succeeding in some cases with innovations like hybrid hearings that combine in-person court appearances by some participants and remote teleconferencing by others.

But so far no one has figured out a way to restore the essential element of jurisprudence — speedy, criminal jury trials.

ADVERTISEMENT

Advertisement

FEEDBACK



00:06     09:50

A speedy trial is a right guaranteed to everyone, including the hundreds of accused defendants who have been sitting in jail, some for more than a year, waiting for a chance to persuade a jury of their innocence. As the months slip past, defense lawyers have grown increasingly aggressive — if so far unsuccessful — in demanding dismissal of criminal charges on grounds that their clients' Constitutional rights to a speedy trial are being denied.

Judges of the Connecticut's U.S. District Court thought they had devised a way to resume criminal jury trials. But last week, the pandemic defeated what had been the most promising effort, in spite of months of preparation that included

consultation with virologists, reconfiguration of courtrooms and the installation of equipment that replaces all the air in a courtroom six times every hour.

ADVERTISEMENT

The environmental hardware was adequate, it turned out. It was the jurors who would not cooperate.

Dozens of jurors refused, repeatedly, to respond to summonses requiring their appearances in court. One of the few jurors who agreed to cooperate had to be excused when she and her husband tested positive for the virus as the trial was to begin. And on the day that a clearly frustrated judge had scheduled yet another hearing in another effort to empanel reluctant jurors, the courthouse was closed just as it was gaveled into session because a court security officer tested positive.

Advertisement

00:14  02:53

Case 3:15-cr-00155-RNC Document 614-2 Filed 04/19/21 Page 5 of 11

Had the trial begun as scheduled on Nov. 16, it would have been the first in a Connecticut court, state or federal, since the issuance of emergency orders in late March that largely closed both systems. U.S. District Judge Vanessa L. Bryant had made extraordinary efforts since September to seat a jury — even delivering personal voicemail messages to the telephones of prospective jurors who ignored summonses. But just days before the start of evidence, she granted a request by the government for postponement for safety reasons.

Federal prosecutor Nancy V. Gifford argued that nature of the case would have complicated jury selection even during pre-pandemic times. The defendant, Amber Foley, is accused of producing and distributing sexually explicit photographs of children, which will be evidence in the case. But Gifford, as did other participants in the case, said the coronavirus has proven so far to be an insurmountable obstacle.

"Even before the pandemic, this case presented unusual challenges in empaneling a jury," Gifford wrote in a motion. "This challenge is exacerbated due to the existing national health crisis, including the recent spike in coronavirus cases in Connecticut, which makes it challenging to bring large (prospective juror) panels to the courthouse without risking the health and safety of the court staff, attorneys and the defendant."

Defense attorney Todd Allen Bussert objected to a delay and renewed his demand for a dismissal for what he claims is a violation of Foley's speedy trial rights. Bussert argued that U.S. district courts elsewhere in the country have resumed criminal jury trials, implying that Connecticut should be able to as well. Foley was arrested three years ago, but has been free on bail. She lives in a halfway house in New Haven and has been separated from her family since the arrest.

The state court system — much larger than the federal district court, more unwieldly and with a far greater volume of business — also has been unable to devise a system to resume criminal jury trials. The state Judicial Branch tried to

resume trials this month, but abandoned the plan when a second, viral wave hit the state.

Bryant, in her efforts to seat a Foley jury has referred to "the unwillingness or unsuitability of individuals to serve during the pandemic." Her postponement set back two months of work.

Foley's case demonstrates the practical challenges during a public health crisis to empaneling a jury — a complicated business in normal times. The state and federal systems chose jurors in slightly different fashions, but seek the same result — a fair and impartial panel representative of the larger population.

Much of the challenge to resuming criminal jury trials is near universal agreement among lawyers, scholars and others that the trials cannot be run remotely. All the players - prosecutor, defense lawyer, judge and jurors — have to be together so they can examine one another, watching for nuance, measuring reaction and making sure everyone follows the rules. the requirement to be together applies during jury selection and trial.

Jurors summoned to Foley's case apparently objected to being confined in a courtroom, as well as the process by which they are chosen. The identities of potential jurors and their questionnaires are sealed from public view because they were questioned closely about private health matters.

Before the coronavirus pandemic, large groups of randomly selected, potential jurors were ordered into court. They were packed into cramped, uncomfortable rooms and questioned by lawyers, who agreed on 12 jurors and up to four alternates after winnowing out those with biases or who were unable to serve for other reasons.

For at least eight months, the Connecticut jury pool has been battered by public service warnings against gathering in groups and meeting in confined spaces. A computer program the state's federal judges are using to estimate the likelihood of infection if groups or varying sizes are assembled in court rooms suggests the warnings have been well-placed. Late last week, the Georgia Institute of

Technology program calculated that, if 50 people were gathered together in Hartford County, the probability was 65 percent that one would be infected with the virus.

To avoid groups, Bryant pre-screened prospective jurors by mailing them questionnaires that inquired about their eligibility for jury duty in the context of both the repugnant nature of the case and fear of viral infection. The packages were mailed on Oct. 7 to 150 prospective jurors, a large number in normal times. The prosecution, defense and court were to use the questionnaires to decide among themselves which prospective jurors were unsuited for service because of obvious bias, health or other reasons — without having to drag everyone into court.

Finalists were to be called to court for in-person questioning.



### Breaking News Newsletter
As it happens

Get the latest updates on Coronavirus and other breaking news events happening across Connecticut

ENTER YOUR EMAIL ADDRESS

It was clear within weeks that there would be a problem. Almost half the 150 did not respond. Another 50 or so were excused through the questionnaires for reasons such as health concerns. Between the non-responses and excusals, there were not enough candidates left to fill a 12 man jury with one alternate if the lawyers were allowed to exercise their allotments of peremptory challenges. Those challenges gave the lawyers the right to unilaterally excuse a combined 16 jurors for strategic reasons.

ADVERTISEMENT

In an effort to increase the pool of prospective jurors, Bryant inquired whether one or more of her fellow federal judges in the state had summoned jury pools that she might tap. None had. She took the unusual step of recording a voice message and having it delivered as a reminder to the telephones of all those who had been mailed summonses.

ADVERTISEMENT

FEEDBACK

"Without your participation, the judicial branch cannot function," the message said in part. "The lives of individuals charged with a criminal offense are suspended while they await their constitutionally protected right to a speedy jury trial. The judiciary is concerned for your safety. We have implemented CDC recommended social distancing for our mutual protection."

The automated voice mail generated some response, Bryant said in court, but not enough. Bryant asked whether the defense and prosecution were willing to forgo

their peremptory challenges. Neither was. She asked whether Foley would agree to a trial by judge rather than jury. Foley declined.

Late on Nov. 4, the judge mailed summonses and questionnaires to another 50 prospective jurors. Those responses, too, appeared to be inadequate. But the security officer tested positive and the court shut down on Nov. 10, before the response could be fully evaluated.

**LATEST CORONAVIRUS**

Gov. Lamont's inner circle agonized over image, messaging amid controversial age-based rollout of Connecticut's COVID-19 vaccine program, documents show

Who is being hospitalized with COVID-19 in Connecticut? Almost exclusively unvaccinated people, officials say

Daily coronavirus updates: Gov. Lamont criticizes CDC for Johnson & Johnson vaccine pause; COVID-19 metrics mostly flat as Connecticut approaches 8,000 deaths

In her order postponing the trial, Bryant instructed the parties to the case to reconvene in December, remotely, to figure out how to start over.

### Edmund H. Mahony
Hartford Courant

  

Ed Mahony has covered Connecticut for more than three decades, mostly for the Hartford Courant. Over the last decade, he has covered some of the country's biggest political and mob trials. He is the recipient of numerous journalistic awards, including the Pulitzer Prize and the George Polk award, which he has won twice.

4/15/2021  Case 3:15-cv-00155-RNC Document 614-2 Filed 04/19/21 Page 10 of 11  Fears of COVID-19 infection among prospective jurors upends efforts to begin the state's first, post-pandemic trial – Hartford Courant

CCPA Notice

### A Coast Guard Spotted Movement On A Remote Island, Then Looked Closer
OPULENT EXPRESS | SPONSORED

### Local Program Pays California Homeowners Up To $1,000 To Go Solar + Battery For No Cost
THENOCOSTSOLARPROGRAM.LEADSHOOK.IO | SPONSORED

### Randy Jackson: This 3 Minute Routine Transformed My Health
UNIFY HEALTH LABS | SPONSORED

These Cars Are So Loaded It's Hard to Believe They're So Cheap

Americans Are Freaking Out About The Ram Pickup Price Drop

LUXURY SUVS | SEARCH ADS / CARS | NEWS RUMORS | SPONSORED



**THE COURANT**

'The Talk' cancels shows amid investigation surrounding Sharon Osbourne comments



**THE COURANT**

Two new restaurants open in Hartford, replacing businesses closed by pandemic

By SUSAN DUNNE / By LISA STEINMAN, VARIETY

**CHICAGO TRIBUNE**

### KFC recipe revealed? Tribune shown family scrapbook with 11 herbs and spices



FEEDBACK

ADVERTISEMENT

CONNECT

4/15/2021 Fear of COVID-19 infection among prospective jurors upends efforts to begin the state's first, post-pandemic trial - Hartford Courant

Case 3:15-cr-00155-RNC Document 614-2 Filed 04/19/21 Page 11 of 11

   

**TRIBUNE PUBLISHING**

| | |
|---|---|
| Chicago Tribune | The Baltimore Sun |
| New York Daily News | Orlando Sentinel |
| Sun Sentinel of Fla. | The Morning Call of Pa. |
| Daily Press of Va. | The Virginian-Pilot |
| The Daily Meal | Studio 1847 |

**COMPANY INFO**

| | |
|---|---|
| Careers | Classifieds |
| Manage Web Notifications | Place an Ad |
| Local print ads | Contact Us |
| Help Center | Terms of Service |
| Privacy Policy | About Our Ads |
| About Us | |

FEEDBACK

Copyright © 2021, Hartford Courant