UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA                                  Case No. 3:15-cr-155 (RNC)

v.

ROSS SHAPIRO

### PRETRIAL DIVERSION WAIVER

The Pretrial Diversion Program for the District of Connecticut (also referred to as "the Program") has been explained to me by my attorney, who has also signed this waiver.   I fully understand the requirements of the Program as well as the advantages resulting to me from my successful completion of the Program.

A.      Defendant Subject to Criminal Prosecution

I understand that I am charged in Count One of a third superseding indictment (Doc. 307) (the "Indictment") with a violation of 18 U.S.C. § 371, conspiracy to commit securities fraud and wire fraud.   No other counts remain against me following a 2017 trial in this matter.

Were Count One of the Indictment to proceed to trial, I acknowledge that the Government would present sufficient evidence to prove beyond a reasonable doubt that I violated 18 U.S.C § 371.   I admit that while working as a trader on and supervisor of the non-agency Residential Mortgage Backed Securities ("RMBS") desk ("Desk") of Nomura Securities International ("Nomura"), I agreed with others on the Desk from time to time to misrepresent to trade counterparties (a) the prices at which the Desk had obtained or would obtain, or had sold or would sell, certain RMBS we were negotiating to trade with those counterparties, and (b) that certain of the RMBS that the Desk was negotiating to sell were owned at the time by counterparties in the market when in fact they were held in Nomura's inventory.   I knew these statements were false

1

when I or my colleagues on the Desk made them.    Were Count One of the Indictment to proceed to trial, I acknowledge that the Government would present sufficient evidence to prove beyond a reasonable doubt that (a) by making these false statements, I intended to deceive customers to increase Nomura's profit at the expense of its counterparties; (b) there was a substantial likelihood a reasonable investor in the non-agency RMBS market would view the misstated fact as one that significantly altered the total mix of information available to the investor; and (c) I knew that my conduct was wrongful and involved a significant risk of violating the law.

I consent to the filing of a motion on my behalf requesting a continuance of judicial proceedings based on the Indictment and understand that further judicial proceedings in this prosecution will be delayed until whichever of the following events occurs first: (1) a United States Probation Officer and the United States Attorney (through an Assistant United States Attorney) determine that they are unable to devise a satisfactory Program for me; (2) I reject the Program proposed to me; (3) I fail to abide by the conditions of the Program; or (4) I successfully complete the Program.

      B.    <u>Waiver of Rights</u>

           1.    <u>Waiver of Statute of Limitations</u>

I agree to a tolling of the statute of limitations period from the date the Indictment was returned in this matter until the period of pretrial diversion in this case has expired, and I have successfully completed the Program.   I agree that should I fail to successfully complete the Program, then the charges in this case may be commenced or reinstated against me, regardless of whether the statute of limitations period expired after the date the Indictment was returned in this matter.   I further agree to waive any defenses based on the statute of limitations expiring after the date of the Indictment with respect to the charge contained in Count One of the Indictment, namely,

2

conspiracy to commit securities fraud and wire fraud in violation of 18 U.S.C. § 371.   Nothing in this waiver precludes me from raising a defense based on the claim that the statute of limitations expired prior to the date the Indictment was returned in this matter.

2.      Waiver of Speedy Trial Rights

I fully understand my rights with respect to a speedy trial in this case, according to the Sixth Amendment of the United States Constitution, the Speedy Trial Act, 18 U.S.C. §§ 3161-3174, and the Due Process Clause of the Fifth Amendment to the United States Constitution.   I agree to waive all such rights, including the right to claim that my prosecution has been improperly delayed under the provisions of the Constitution and laws of the United States during the period of my participation in the Program and during the period between the filing of this Waiver and my acceptance in the Program or a formal determination (for the reasons set forth below) that I will not participate in a Program.

C.      The Determination of a Satisfactory Program

I understand that the next stage of the pretrial diversion process will be an interview with a United States Probation Officer of the United States District Court, and an investigation and evaluation by that officer.   I also understand that, after the United States Probation Officer's evaluation is complete, he or she will confer with an Assistant United States Attorney in order to devise a Program satisfactory to the United States Probation Officer and the United States Attorney for the District of Connecticut.   I understand that if the United States Attorney and the United States Probation Officer are able to agree upon a Program for me, that Program will be presented to me and my attorney for approval.   I further understand that after reviewing the Program proposed, I may either accept the proposal and enter into the Pretrial Diversion Program or reject the Program.   I understand that if I reject the Program proposed, the prosecution against me may

3

begin at the point at which it was suspended.

      D.    <u>Completion or Failure to Complete the Program</u>

I understand that during the period of the Program established for me, I shall be obliged to conform in all respects to the conditions of the Program and the requirements of the United States Probation Officer who supervises my Program.   I also understand that upon my completion of the Program, as certified by the United States Probation Officer, the United States Attorney will move to dismiss the Indictment filed in this case in so far as it pertains to me.   I further understand that if I fail to abide by the terms and conditions of the Program established for me, or if I fail to complete the Program, the prosecution based on the Indictment may be recommenced, and in such instance I shall receive no credit for any participation in the Pretrial Diversion Program.   I understand that the determination of whether I have or have not abided by the terms and conditions of the Program and of whether or not I failed to complete the Program shall be made solely by the United States Attorney for the District of Connecticut.

      E.    <u>Limitation of Deferral of Prosecution</u>

I understand that the deferral of prosecution in this case pertains only to the violation of law set forth in the accompanying Indictment and the conduct underlying the criminal investigation which gave rise to the charges in the Indictment.

Dated this _11TH_ day of _JANUARY_ , 2022, at _NEW YORK, NEW YORK_   (location).

ROSS SHAPIRO
Defendant

GUY PETRILLO
JOSHUA KLEIN
Attorney for Defendant

4